Mike Arias, Esq. (SBN 115385)
Arnold C. Wang, Esq. (SBN 204431)
**ARIAS SANGUINETTI WANG & TEAM LLP**
6701 Center Drive West, 14th Floor
Los Angeles, California 90045
Telephone: (310) 844-9696
Facsimile:  (310) 861-0168
mike@aswtlawyers.com
arnold@aswtlawyers.com

Steven D. Liddle, Esq.*
Laura L. Sheets, Esq.*
D. Reed Solt, Esq.*
**LIDDLE SHEETS P.C.**
*Pro Hac Vice* Applications to be submitted
975 E. Jefferson Avenue
Detroit, Michigan 48207
Telephone: (313) 392-0015
Facsimile:  (313) 392-0025
sliddle@lsccounsel.com
lsheets@lsccounsel.com
rsolt@lsccounsel.com

*Attorneys for Plaintiffs and the Putative Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH VALLEJO, VICTOR ESPERICUETA and CHRISTOPHER JONES on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE NEIL JONES FOOD COMPANY, d/b/a SAN BENITO FOODS,<br><br>Defendants. | CASE NO.<br><br>CLASS ACTION COMPLAINT FOR:<br><br>1. Public Nuisance;<br>2. Private Nuisance; and<br>3. Negligence<br><br>JURY TRIAL DEMANDED |

**CLASS ACTION COMPLAINT**

## INTRODUCTION

1. Plaintiffs bring this class action against Defendant, The Neil Jones Food Company, ("Defendant") for its release of noxious odors onto Plaintiffs' property.

2. Defendant owns and operates the San Benito Foods ("the Facility") that releases noxious off-site odors, causing material injury to property through nuisance and negligence.

3. At its Facility, Defendant operates a cannery where it cans fresh tomatoes. As part of this process, Defendant receives, processes, stores and transports tomatoes and the waste that results from this process (operations).

## PARTIES

4. At all times relevant hereto, Plaintiff, Joseph Vallejo, has resided at 1020 Harbor Ct., City of Hollister, County of San Benito, California.

5. At all times relevant hereto, Plaintiff, Victor Espericueta, has resided at 831 Sally St., City of Hollister, County of San Benito, California.

6. At all times relevant hereto, Plaintiff, Christopher Jones, has resided at 1220 Apricot Lane, City of Hollister, County of San Benito, California.

7. Defendant, The Neil Jones Food Company, is a Washington Corporation with its principal place of business located in Vancouver, Washington.

8. Defendant's food processing Facility is located at 711 Sally St., in the City of Hollister, County of San Benito, California.

9. Defendant, including its predecessors and agents, either constructed or directed the construction of the Facility and exercised control over the Facility, including day-to-day management and operations, at all relevant times hereto.

## JURISDICTION AND VENUE

10. Plaintiffs are citizens of California.

11. Defendant is a citizen of Washington, the state where it is incorporated, and Washington, the state where it is headquartered.

CLASS ACTION COMPLAINT

12. This Court has original jurisdiction under 28 U.S.C. § 1332(a)(1) because the amount in controversy greatly exceeds $75,000, exclusive of interests and costs, and there is complete diversity of citizenship between the parties.

13. Separately, and in addition to diversity jurisdiction under 28 U.S.C. § 1332(a)(1), this Court has jurisdiction pursuant to the Class Action Fairness Act ("CAFA") pursuant to 28 U.S.C. § 1332(d)(2)(a). CAFA jurisdiction is appropriate because there are 100 or more putative class members, the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, and one or more members of the putative class is a citizen of a state different from any defendant.

14. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial portion of the events or omissions giving rise to Plaintiffs' claims took place in this District, and because the property that is the subject of this action is situated in this District.

## GENERAL ALLEGATIONS

15. Defendant owns and operates a food processing Facility located at 711 Sally St., in Hollister, California, where it receives, processes and cans fresh tomatoes for the wholesale and retail markets.

16. Defendant's facility is surrounded by residential properties.

17. On frequent, recurrent, and continuing occasions too numerous to list herein, Plaintiffs' property has been and continues to be physically invaded by noxious odors.

18. The noxious odors which entered Plaintiffs' property originated from Defendant's Facility, and/or its operations, resulted from Defendant's intentional and/or negligent acts and/or omissions.

19. The odors caused by the Facility, and/or its operations, have been and continue to be dispersed across all public and private land in the Class Area.

/ / /

/ / /

### *Defendant's Facility Operations*

20. Defendant operates a tomato cannery that processes and cans fresh tomatoes at its Facility. These tomatoes are converted into various tomato-based products.

21. The canning process produces millions of gallons of organic waste which, if not properly and expediently treated, will release noxious odors.

22. To treat the waste created by its operations, Defendant leases the use of at least a portion of the City of Hollister's Wastewater Treatment Facility.

23. In the storing, transportation and treatment of the waste created by its cannery, Defendant causes noxious odors to be emitted into the surrounding community.

24. A properly operated, maintained, and managed Facility will collect, capture and destroy odors to prevent such odors from escaping into the ambient air as fugitive emissions.

25. Defendant is required to control its odorous emissions by, among other things, following proper practices, utilization of odor control technologies, and installing, operating, and maintaining systems for the routing, capture, removal, and elimination of the compounds that cause the emission of noxious odors.

26. Defendant has failed to follow proper practices to prevent noxious off-site odor emissions and has failed to sufficiently collect, capture, and/or treat odors generated at its Facility, or by its operations, to prevent fugitive emissions and to otherwise prevent odors from the Facility from invading the homes and properties of Plaintiffs and the Class.

27. Defendant's emissions have been the subject of frequent odor complaints from residents in the nearby residential area.

28. Numerous households have contacted Plaintiffs' counsel documenting the odors they attribute to the Defendant's Facility and/or by its operations.

29. Below is a small sampling of the factual allegations made by putative class members to Plaintiffs' counsel, demonstrating that the Facility, and/or Defendant's

operations are, the source and cause of the odor emissions, which have caused damages to neighboring properties.

    a.    Plaintiff, Joseph Vallejo, reported to Plaintiffs' counsel that "We didn't enjoy being in our backyard, turned us off to outdoor grilling. The odor is nauseating, extremely strong at times and so sad we couldn't enjoy our walks in the neighborhood."

    b.    Plaintiff, Victor Espericueta, reported to Plaintiffs' counsel that "I can't have my door nor windows open, can't sit outside and enjoy the summer evenings 24- for 3 months."

    c.    Putative class members, Estelito Veloso and Sophia Salvatera, reported that "Foul odor- can't enjoy our backyard for grilling & outdoor activities. Same for our front yard. We have to close our windows to prevent foul odor coming inside the house."

    d.    Putative class members, Eduardo and Jacqueline Espitia, reported that "Inability to go outside on some days in the backyard due to overwhelming stench from the facility. Avoid BBQ's, gardening or using patio."

30.    Defendant's well documented pattern of failing to control its emissions is further demonstrated by:

    a.    Defendant has received several Notices of Violation (NOV) from the Monterey Bay Air Resources District (MBARD) relating to its operation of the Facility and resultant odors, including the following:

        i.    On August 23, 2022, Defendant received an NOV for "[d]ischarge of air contaminants in such quantities as to constitute a public nuisance." This NOV was based on MBARD investigations performed on 8-12-22, 8-14-22 and 8-15-22 that found offsite nuisance odors.

        ii.    On November 8, 2023, Defendant was issued an NOV for multiple violations.

iii. Additionally, Defendant received an NOV from the MBARD on April 18, 2024, for "[d]ischarge of air contaminants in such quantities as to constitute a public nuisance."

31. Defendant's chronic emission of noxious odors has been the subject of significant media coverage.

### *Defendant's Noxious Odor Emissions*

32. Defendant's Facility, and/or its operations, have repeatedly and continually emitted objectionable noxious odors that were detectable outside the bounds of its property.

33. The noxious odors have caused negative impacts to Defendant's neighbors.

34. Defendant's harmful, odorous emissions are continuing; Defendant has failed to cease the noxious emissions, despite knowledge, and despite the emissions being abatable with reasonable care and diligence.

35. The noxious odors emitted by Defendant are offensive, would be offensive to a reasonable person of ordinary health and sensibilities, and have caused property damage, including by interfering with the ability of Plaintiffs and the Class to use and enjoy their homes and property.

36. Plaintiffs and the putative class are a limited subset of individuals in San Benito County, and the proposed Class Area, that includes only owner/occupants and renters of residential property who live within the Class Area and fit within the Class Definition.

37. The proposed Class Area is home to a wide range of commercial and recreational enterprises, including but not limited to retail trade, health care & social assistance, education and dining.

38. Members of the public, including but not limited to business owners, inmates, employees, commuters, visitors, customers, clients, students, and patients, have experienced and been harmed by the fugitive noxious odors emitted by Defendant into public spaces; however, unlike Plaintiffs and the putative class, members of the public who

are outside of the Class Definition have not suffered damages of the same kind, in the form of diminished property values and/or loss of use and enjoyment of their private property.

39. The invasion of Plaintiffs' property and that of the Class by noxious odors has reduced the value of and interfered with the use and enjoyment of those properties, resulting in damages well in excess of $5,000,000.

## CLASS ALLEGATIONS

### A. Definition of the Class

40. Plaintiffs bring this action individually and on behalf of all persons as the Court may determine to be appropriate for class certification, pursuant to Federal Rule of Civil Procedure 23. Plaintiffs seek to represent a Class of persons defined as:

> **All owner/occupants and renters of residential property who, within three years of filing the complaint, resided within the following area: San Benito River to the west, Nash Road to the south, Prospect Avenue to the east, north to S Street and then north on McCray to 4th Street.**

The definitional boundary is subject to modification as discovery will disclose the location of all persons properly included in the Class ("Class Members"). Plaintiffs reserve the right to propose one or more sub-classes if discovery reveals that such subclasses are appropriate.

41. This case is properly maintainable as a class action pursuant to and in accordance with Federal Rule of Civil Procedure 23 in that:

    a. The Class, which includes thousands of members, is so numerous that joinder of all members is impracticable;

    b. There are substantial questions of law and fact common to the class including those set forth in greater particularity herein;

    c. Questions of law and fact such as those enumerated below, which are all common to the class, predominate over any questions of law or fact affecting only individual members of the class;

    d.    A class action is superior to any other type of action for the fair and efficient adjudication of the controversy;

    e.    The relief sought in this class action will effectively and efficiently provide relief to all members of the class;

    f.    There are no unusual difficulties foreseen in the management of this class action; and

    g.    Plaintiffs, whose claims are typical of those of the Class, through their experienced counsel, will zealously and adequately represent the Class.

**B. Numerosity**

42.    The approximate number of residential households within the proposed Class Area is over 5,000.

43.    The Class consists of thousands of members and therefore is so numerous that joinder is impracticable.

**C. Commonality**

44.    Numerous common questions of law and fact predominate over any questions affecting individual Class Members, including, but not limited to the following:

    a.    Whether and how Defendant negligently and knowingly failed to reasonably construct, maintain and operate the Facility to prevent off-site odor emissions;

    b.    Whether Defendant owed any duties to Plaintiffs;

    c.    Which duties Defendant owed to Plaintiffs;

    d.    Which steps Defendant has and has not taken in order to control the emission of noxious odors through the construction, maintenance and operation of its Facility;

    e.    Whether and to what extent Defendant's noxious odors were dispersed over the Class Area;

  f.  Whether it was reasonably foreseeable that Defendant's failure to properly construct, maintain and/or operate the Facility would result in an invasion of Plaintiffs' property interests;

  g.  Whether the degree of harm suffered by Plaintiffs and the Class constitutes a substantial annoyance or interference; and

  h.  The proper measure of damages incurred by Plaintiffs and the Class.

### D. Typicality

45. Plaintiffs have the same interests in this matter as all the other members of the Class and their claims are typical of all members of the Class. If brought and prosecuted individually, the claims of each Class Member would require proof of many of the same material and substantive facts, utilize the same complex evidence including expert testimony, rely upon the same legal theories and seek the same type of relief.

46. The claims of Plaintiffs and the other Class Members have a common cause and their damages are of the same type. The claims originate from the same failure of the Defendant to properly construct, repair, maintain and/or operate the Facility.

47. Class Members have similar injuries to the Plaintiffs as a result of the invasion of their properties by Defendant's release of noxious odors causing damage to their properties.

### E. Adequacy of Representation

48. Plaintiffs' claims are sufficiently aligned with the interests of the absent Class Members to ensure that the Class' claims will be prosecuted with diligence and care by Plaintiffs as representatives of the Class. Plaintiffs will fairly and adequately represent the interests of the Class and do not have interests adverse to the Class.

49. Plaintiffs have retained the services of counsel who are experienced in complex class action litigation and in particular class actions stemming from invasions of Facility emissions. Plaintiffs' counsel will vigorously prosecute this action and will

otherwise protect and fairly and adequately represent Plaintiffs and all absent Class Members.

**F.  Class Treatment Is the Superior Method of Adjudication**

50.  A class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint because:

   a.  Individual claims by the Class Members would be impracticable as the costs of pursuit would far exceed what any one Class Member has at stake;

   b.  Little or no individual litigation has been commenced over the controversies alleged in this Complaint and individual Class Members are unlikely to have an interest in separately prosecuting and controlling individual actions;

   c.  The concentration of litigation of these claims in one action will achieve efficiency and promote judicial economy; and

   d.  The proposed class action is manageable.

51.  The prosecution of separate actions by or against individual members of the Class would create the risk of (i) inconsistent or varying adjudications with respect to individual members of the Class, which could establish incompatible standards of conduct for the party opposing the Class; and (ii) adjudications with respect to individual members of the Class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

52.  Notice can be provided to members of the Class by U.S. Mail and/or publication.

53.  Class treatment of Plaintiffs' claims is appropriate and necessary to ensure that common relief is available to the Class and that Class Members can vindicate their rights in a single proceeding.

## CAUSES OF ACTION I AND II
## PUBLIC AND PRIVATE NUISANCE

54. Plaintiffs restate the allegations set forth in all previous paragraphs of this Complaint as if fully rewritten herein.

55. The noxious odors which entered Plaintiffs' property originated from the Facility constructed, maintained and/or operated by Defendant.

56. The noxious emissions were created as a result of intentional and affirmative acts taken by the Defendant.

57. The odors invading Plaintiffs' property are indecent and/or offensive to the senses, and obstruct the free use of his property so as to interfere with the comfortable enjoyment of life and/or property, including by preventing him from using and enjoying the outdoor spaces of his property.

58. Plaintiffs did not consent for noxious odors to enter onto their land and property.

59. Defendant owed and continues to owe a duty to Plaintiffs and the putative class to take positive action to prevent and/or abate the interference with common public rights and/or the invasion of the private interests of the Plaintiffs.

60. By constructing and then failing to reasonably repair, maintain, and/or operate its Facility, Defendant has negligently created an unreasonable risk of foreseeable harm by causing the invasion of Plaintiffs' property by noxious odors and pollutants.

61. As a foreseeable, direct and proximate result of the foregoing conduct of Defendant, Plaintiffs suffered injuries and damages to their property including through interference with the use and enjoyment of private property, loss of property values, and adverse impacts on property values.

62. The injuries and damages suffered by Plaintiffs are specially injurious to themselves given the impacts to their property, as compared with the general public impacted by the odors, whose injuries do not include private property damage.

63. The Class Area is home to a wide range of commercial and recreational activities, including but not limited to manufacturing, construction, retail trade, ministry, education, dining, and lodging.

64. Plaintiffs and the Class are a limited subset of individuals in San Benito County and the Class Area, that includes only owner/occupants and renters of residential property located within the proposed Class Area and fit within the Class Definition.

65. Members of the public, including but not limited to businesses, employees, commuters, tourists, visitors, customers, clients, and students have experienced and been harmed by the noxious odors emitted by Defendant into public spaces; however, unlike Plaintiffs and the Class, members of the public have not suffered damages of the same kind, in the form of diminished property values and/or loss of use and enjoyment of their private property.

66. The nuisance conditions created by Defendant are abatable with reasonable care, effort, and diligence.

67. The nuisance conditions created by Defendant are continuing, as they arise intermittently and can be abated with reasonable diligence.

68. By causing noxious odors produced and controlled by Defendant to physically invade Plaintiffs' land and property, Defendant intentionally, recklessly, and/or negligently created a nuisance which substantially and unreasonably interfered with Plaintiffs' comfortable use and enjoyment of their property and caused the values of said property to diminish.

69. Whatever social utility the Facility's operations provides is clearly outweighed by the harm suffered by Plaintiffs and the putative class, who have on frequent occasions been deprived of the full use and enjoyment of their properties and have been forced to endure substantial loss in the value of their properties.

70. Defendant's substantial and unreasonable interference with Plaintiffs' use and enjoyment of their property and diminution of property values constitutes a nuisance

for which Defendant is liable to Plaintiffs for all damages arising from such nuisance, including compensatory, exemplary, and injunctive relief.

### CAUSES OF ACTION III
### NEGLIGENCE

71. Plaintiffs restate the allegations set forth in all previous paragraphs of this Complaint as if fully rewritten herein.

72. On occasions too numerous to mention, Defendant negligently and improperly maintained and/or operated its Facility, allowing excessive fugitive noxious odor emissions to escape.

73. Defendant owed and continues to owe a duty to Plaintiffs and the putative class, as neighboring residents with private property interests, to prevent and abate the interference with, and the invasion of, their private property interests.

74. By failing to properly construct, maintain and/or operate its Facility, and follow proper practices, Defendant failed to exercise its duty of ordinary care and diligence so that noxious odors would not invade and damage Plaintiffs' property.

75. As a direct and proximate result of Defendant's negligence in maintaining and/or operating the Facility, Plaintiffs' properties were physically invaded by noxious odors on occasions too numerous to list individually.

76. As a further direct and proximate result of the foregoing conduct of Defendant, Plaintiffs suffered damages to their property as alleged herein. Such damages include, but are not limited to, diminution in the value of Plaintiffs' property and the interference with the right of use and enjoyment of Plaintiffs' property.

77. By failing to construct, maintain and/or operate its Facility, Defendant has caused the invasion of Plaintiffs' property by noxious odors.

78. Defendant knowingly breached its duty to exercise ordinary care and diligence when it improperly constructed, maintained and/or operated its Facility and knew,

**CLASS ACTION COMPLAINT**

or should have known upon reasonable inspection that such actions would cause Plaintiffs' property to be invaded by noxious odors.

79. As a direct and proximate result of the failure of Defendant to exercise ordinary care, Plaintiffs' residences have been and continue to be physically invaded by noxious odors.

80. Defendant's conduct in causing noxious odors to invade Plaintiffs' property has caused damages to Plaintiffs' property, as alleged herein, and Plaintiffs seek all damages allowed by law, including, but not limited to, compensatory, exemplary, and injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of the proposed Class, pray for judgment as follows:

A. Certification of the proposed Class pursuant to Federal Rule of Civil Procedure 23;

B. Designation of Plaintiffs as the representatives of the proposed Class and designation of his counsel as Class Counsel;

C. Judgment in favor of Plaintiffs and the Class Members and against Defendant;

D. An award, to Plaintiffs and the Class, of compensatory damages, including pre-judgment and post-judgment interest thereupon;

E. An Order holding that entrance of the aforementioned noxious odors upon Plaintiffs' property constituted a nuisance;

F. An Order holding that Defendant was negligent in causing property damages to Plaintiffs and the Class, causing damages to property.

**CLASS ACTION COMPLAINT**

G. Injunctive relief not inconsistent with Defendant's federally and state enforced air permits;

H. An award of attorney fees and costs; and

I. Such further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.

Dated: September 27, 2024

**ARIAS SANGUINETTI WANG & TEAM LLP**

By: */s/ Mike Arias, Esq.*
Mike Arias, Esq.
Arnold C. Wang, Esq.

**LIDDLE SHEETS P.C.**

Steven D. Liddle, Esq.
Laura L. Sheets, Esq.
D. Reed Solt, Esq.

*Attorneys for Plaintiffs and the Putative Class*