UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH VALLEJO, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>THE NEIL JONES FOOD COMPANY, et al.,<br><br>　　　　　Defendants. | Case No. 24-cv-06835-NW<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE; ORDER TO SHOW CAUSE**<br><br>Re: ECF No. 30 |

This is a putative class action filed by Joseph Vallejo, Victor Espericueta and Christopher Jones (collectively, "Plaintiffs") and brought against Neil Jones Food Company, dba San Benito Foods' ("NJFC" or "Defendant") for releasing noxious odors onto Plaintiffs' properties and the surrounding area. Before the Court is Defendant's motion to dismiss Plaintiffs' complaint and to strike class allegations. ECF No. 30. The Court DENIES the motion with prejudice and ORDERS DEFENDANT TO SHOW CAUSE why Defendant should not be sanctioned for plagiarism.

I.   **MOTION TO DISMISS AND MOTION TO STRIKE**

　　A.   **Factual Background**

Defendant owns and operates a tomato cannery ("Facility") located in Hollister, California. Compl. ¶15, ECF No. 1. Defendant's Facility is surrounded by residential properties, including properties owned by named Plaintiffs and members of the putative class. *Id.* ¶ 16. Plaintiffs allege that, "on frequent, recurrent, and continuing occasions too numerous to list herein, Plaintiffs' property" and the surrounding public land "has been and continues to be physically invaded by noxious odors . . . . originat[ing] from Defendant's Facility." *Id.* ¶¶ 17-18. According to Plaintiffs, Defendant "is required to control its odorous emissions," but "has failed to follow

proper practices to prevent noxious off-site odor emissions and has failed to sufficiently collect, capture, and/or treat odors generated at its Facility." *Id.* ¶ 25-26. In the last three years, the Monterey Bay Air Resources District issued three notices of violation to Defendant for noxious odors. *Id.* ¶ 30. Plaintiffs contend that Defendant's noxious odors have caused negative impacts to themselves and others neighboring the Facility, depriving them of the enjoyment and use of their property. *Id.* ¶¶ 29, 33. Though Plaintiffs allege that Defendant could abate the release of the noxious emissions with reasonable care and diligence, Defendant knowingly continues to release noxious odors into the area surrounding the Facility. *Id.* ¶ 34.

### B. Procedural Posture

Plaintiffs filed their complaint on September 27, 2024 and served Defendant on October 17. ECF No. 16. Defendant sought and received extensions to file its responsive pleading. ECF Nos. 23, 25. In the parties' March 17, 2025 joint case management statement ("JCMS"), Defendant indicated it planned to file a motion to dismiss. JCMS § 4, ECF No. 29.

Defendants filed its motion to dismiss on April 7, 2025 at 4:32 PM, the day after it was due. Mot. to Dismiss, ECF No. 30; *see also* Order Setting April 6, 2025 deadline, ECF No. 25.[1] Not fifteen minutes later, on April 7, 2025 at 4:43 PM, Defendant filed an answer to the complaint it had just moved to dismiss. ECF No. 31. Then at 4:50 PM, Defendant filed a crossclaim against third-party Sunnyslope County Water District. ECF No. 32. Because the crossclaim filing accidentally omitted certain exhibits, Defendant filed an amended version of the crossclaim at 4:57 PM. ECF No. 33. In summary, between 4:30 PM and 5:00 PM on April 7, 2025, Defendant filed four distinct documents responding to Plaintiff's complaint.

---

[1] The Court recognizes that April 6, 2025, was a Sunday. Nevertheless, it was the date the ***parties*** proposed and that the Court ordered. ECF No. 25. The language of the Order was clear: "Defendant's responsive pleadings [we]re to be filed ***on or before April 6, 2025***." ECF No. 25 (emphasis added). Despite two separate extensions, Defendant failed to file its responsive pleadings within that time frame. ECF Nos. 23, 25.

2

**C.    Discussion**

      **1.    Procedural Confusion and/or Errors**

The Court finds the above sequence of procedural events baffling. At first blush, the Court assumed Defendant's motion was filed in error, because it was filed late, without leave of Court, and it seemed unlikely that Defendant would concurrently file a motion and an answer. "The timely filing of a motion to dismiss under Rule 12(b)(6) tolls the time allowed for filing an answer to the complaint," rendering Defendant's answer premature at best, or an unnecessary admission at worst. *Olsen v. Hayes*, 217 F.3d 845 (9th Cir. 2000) (citing Fed. R. Civ. P. 12(a)(4)). When the time came, however, Defendant timely filed a reply to Plaintiffs' opposition to the motion to dismiss, and Defendant made no reference to its answer. *See* ECF Nos. 40, 41. The Court can then only assume that Defendant's perplexing choice to simultaneously file an answer, crossclaim, and an untimely motion to dismiss was intentional, even if inexplicable.

The Rules of Civil Procedure preclude any motions to dismiss filed once an answer is lodged on the docket. Fed. R. Civ. P. 12(b) ("A motion [to dismiss] . . . must be made before pleading if a responsive pleading is allowed."). If the Court accepts Defendant's untimely motion to dismiss (which the Court does not do, in part because Defendant has not sought that relief), Defendant is arguably not in violation of this rule because (according to the docket entries) Defendant's motion to dismiss precedes its answer by 11 minutes. However, given the minimal time between filings, and the fact that electronic filings do not appear instantaneously on the docket, the Court views the filings as coinciding. Consequently, the Court is within its discretion to deny Defendant's motion as untimely under 12(b), and because it was filed a day late without leave of court. *See Cummings v. Worktap, Inc.*, No. C 17-6246 SBA, 2019 WL 4221652, at *4 (N.D. Cal. Sept. 4, 2019) ("[A] court need not consider an untimely motion.").

      **2.    Defendant's Plagiarism**

The Court does not rely solely on Defendant's untimeliness to deny Defendant's motion; there are other, independent reasons for the Court's ruling. For example, the Court has discretion to deny the motion as a sanction for Rule 11 violations. *See Lew v. Kona Hosp.*, 754 F.2d 1420, 1425 (9th Cir. 1985) (court has "great latitude" when fashioning sanctions).

3

As noted in Plaintiffs' opposition brief, whole sections of Defendant's motion were lifted verbatim, without citation or attribution, from a motion in a different case, on behalf of a different defendant, represented by a different firm, and different attorneys. *See Gutierrez v. C&H Sugar, Inc.*, No. 23-CV-03192-SI, 2023 WL 7927771 (N.D. Cal. Nov. 15, 2023), *C&H Sugar* Mot. to Dismiss, ECF No. 31.  The Court, having conducted its own comparison of the two briefs, has found Defendant NJFC's brief to include at least a dozen paragraphs that are substantively identical and near word-for-word duplicates of the *original C&H Sugar* brief.

The most glaring sign of Defendant's sweeping copy and paste from the *Gutierrez v. C&H Sugar, Inc*. brief is on the first page of Defendant's motion; instead of referencing the Plaintiffs in the instant case, Defendant asks the Court to dismiss the complaint of "**Plaintiff Freddy Gutierrez,**" the plaintiff in *Gutierrez v. C&H Sugar, Inc.*, who brought suit two years before this case was filed.  Mot. to Dismiss at 1.

Remarkably, though Plaintiffs revealed Defendant's conduct via a footnote on the first page in their opposition, ECF No. 40, 1 n.1, Defendant's reply neither disputes nor even acknowledges the accusation.  ECF No. 41.  Perhaps Plaintiff's reference to Defendant's plagiarism of another firm's intellectual property went unnoticed by Defendant, but it did not go unnoticed by the Court.

Finally, while plagiarism is patently unacceptable, it is mystifying why a party would double-down on imprudence by reproducing a losing brief.  Here, Defendant copied from a motion to dismiss that was denied after being opposed two years ago by Gutierrez's counsel—the ***very same attorneys*** and firm who represent Plaintiffs in the instant action.  Judge Illston from this district, fully analyzed C&H Sugar's motion to dismiss, and denied the motion in full.  *Gutierrez*, 2023 WL 7927771.

### 3.     Merit Arguments

So brings the Court to a final reason to deny Defendant's motion to dismiss: by virtue of plagiarizing a motion from an earlier case in this district, a judge on this bench, applying this district's case law (which is still good law), has already considered and rejected the merits of Defendant's brief.  *Gutierrez v. C&H Sugar, Inc.*, had facts and claims nearly identical to those in

4

the instant suit. *Compare id.* at *1-2 *and* Compl. ¶¶ 15-39. While Plaintiffs, at the beginning of their opposition in this case, cite the court's order denying C&H Sugar's motion to dismiss in *Gutierrez v. C&H Sugar, Inc.*, ECF No. 40 at 1-2, Defendant makes no attempt to distinguish that case with this one. *See generally* ECF No. 41.

Just like in *Gutierrez*, Defendant's motion alleged that Plaintiffs failed to state a claim and requested the Court strike Plaintiffs' class action allegations. 2023 WL 7927771, at *3, 6-7; Mot. to Dismiss at 12-13. Just like in *Gutierrez*, Defendant challenged whether Plaintiffs sustained an actual injury and whether pure economic loss can give rise to negligence claims in California (2023 WL 7927771, at *4-5; Mot. to Dismiss at 9-11); whether allegations of a noxious odor can sustain private and public nuisance claims (2023 WL 7927771, at *5-6; Mot. to Dismiss at 6-8); and whether Plaintiff can request prospective damages on nuisances that can be abated (2023 WL 7927771, at *6; Mot. to Dismiss at 8-9). In *Gutierrez v. C&H Sugar, Inc.*, the court found for plaintiffs at every juncture with case law and analysis that apply with equal force here. The Court adopts that opinion in full and, for that reason, also denies Defendant's motion to dismiss.

Defendant's motion to dismiss and strike class allegations is DENIED WITH PREJUDICE.

## II. ORDER TO SHOW CAUSE

As noted above, plagiarism, including in briefs filed with the court, is unacceptable. ECF No. 30; *see Odom v. Syracuse City Sch. Dist.*, No. 519CV835TJMATB, 2020 WL 1689879, at *8 (N.D.N.Y. Apr. 7, 2020) ("Passing off another's ideas as one's own is unacceptable in a first-year college class, and can lead to failing grade or even expulsion. Doing so while engaged in the professional practice of law is worse, and is both feckless and embarrassing."). The failure to credit another for their work product is an issue the Court takes seriously.

The Court ORDERS DEFENDANT to respond to this Order to Show Cause, in writing, by July 14, 2025, 2025, including setting forth the sanction defense counsel contends is appropriate. A hearing on this Order to Show Cause is set for Monday, July 28, 2025, **at 9:00 a.m.** in Courtroom 3, 5th Floor, Federal Courthouse, 280 South First Street, San Jose, California. Defense counsel of record must appear for the hearing in person.

### III. CONCLUSION

Defendant's motion to dismiss and strike class allegations is DENIED WITH PREJUDICE.

Counsel for Defendant shall file a written response to the Order to Show Cause by July 14, 2025. Counsel of record for Defendant shall personally attend the Order to Show Cause Hearing on Monday, July 28, 2025.

Because Defendant has already filed an answer, the Court sets a Case Management Conference (CMC) also for Monday, July 28, 2025 at 9:00 a.m. The parties must file an updated joint case management statement by no later than July 14, 2025.

**IT IS SO ORDERED.**

Dated: June 16, 2025

Noël Wise
United States District Judge