**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOSEPH A. SALAZAR JR., SB# 169551
  E-Mail: Joe.Salazar@lewisbrisbois.com
JAY C. PATTERSON, SB# 238829
  E-Mail: Jay.Patterson@lewisbrisbois.com
2020 West El Camino Avenue, Suite 700
Sacramento, California 95833
Telephone: 916.564.5400
Facsimile: 916.564.5444

Attorneys for Cross-Defendant, SUNNYSLOPE COUNTY WATER DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSEPH VALLEJO, VICTOR ESPERICUETA and CHRISTOPHER JONES on behalf of themselves and all others similarly situated,<br><br>           Plaintiff,<br><br>    vs.<br><br>THE NEIL JONES FOOD COMPANY, dba SAN BENITO FOODS,<br><br>           Defendant. | Case No. 5:24-cv-06835-NW<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SUNNYSLOPE COUNTY WATER DISTRICT'S MOTION TO DISMISS THE NEIL JONES FOOD COMPANY DBA SAN BENITO FOODS CROSS-COMPLAINT**<br><br>Date:     October 1, 2025<br>Time:    9:00 a.m.<br>Crtrm.:   3 – 5th Floor |
| THE NEIL JONES FOOD COMPANY, dba SAN BENITO FOODS,<br><br>           Cross-Complainant,<br><br>    vs.<br><br>SUNNYSLOPE COUNTY WATER DISTRICT, a proprietary entity; ROES 1-10, inclusive,<br><br>           Cross-Defendant. | Trial Date:          None Set |

/ / /
/ / /

## I. SUMMARY

Defendant/Cross-Complainant Neil Jones Food Company ("NJFC") has sued Cross-Defendant Sunnyslope County Water District ("SCWD") alleging six state common law causes of action. As a public entity, SCWD can only be liable as a matter of law for violations of a statute. Stated differently, a public entity under California state law cannot be liable for a common law claim. As a result, NJFC's third cause of action for Equitable Indemnity, fourth cause of action for Comparative Equitable Indemnity, fifth cause of action for Contribution, and sixth cause of action for Declaratory Relief, all fail as a matter of law.

## II. THE CROSS-COMPLAINT PARTIES AND CAUSES OF ACTION

Cross-Complainant NJFC is a Washington corporation organized under the laws of the State of Washington. (Cross-Complaint ("XC") ¶ 6)  It is the owner and operator of a food processing facility in Hollister, CA at 110 Hawkins Street. (XC ¶ 5)  SCWD processes the wastewater from the NJFC facility at a wastewater treatment plant located at 1321 South Street Hollister, CA. (XC ¶5)  According to the NJFC Cross-Complaint, SCWD is a California entity/governmental entity authorized to conduct business in the State of California. (XC ¶10)

The Cross-Complaint alleges six causes of action:  1) Breach of Written Contract, 2) Express Indemnity, 3) Equitable Indemnity, 4) Comparative Equitable Indemnity, 5) Contribution, and 6) Declaratory Relief. Causes of action three (3) through six (6) are the subject of this Motion to Dismiss.

## III. LEGAL STANDARD ON FRCP RULE 12(B)(6) MOTION TO DISMISS

A party may respond to a complaint by bringing a motion to dismiss for "failure to state a claim upon which relief can be granted."  FRCP 12(b)(6). Such a motion tests the legal sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Although a court ruling on such a motion must accept as true facts alleged in the complaint, it is not required to accept as true conclusory allegations or legal conclusions. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *Davis v. Astrue*, 513 F. Supp.2d 1137, 1143 (N.D. Cal.2007).

When an affirmative defense – such as a failure to state a statutory basis for liability – is clear on the face of a complaint or cross-complaint, a defendant is entitled to dismissal of those

1  causes of action on a Rule 12(b)(6) motion to dismiss.  (*Rivera v. Peri & Sons Farms, Inc.*, 735
2  F.3d 892, 902 (9th Cir. 2013); *Cedars-Sinai Med. Ctr. v. Shalala*, 177 F.3d 1126, 1128-29 (9th
3  Cir.1999) (citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure:
4  Civil § 1357 (3d ed. 1998) ("A complaint showing that the governing statute of limitations has run
5  on the plaintiff's claim for relief is the most common situation in which the affirmative defense
6  appears on the face of the pleading and provides a basis for a motion to dismiss under Rule
7  12(b)(6) …")).

When, as here, there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Although the general rule is that plaintiffs should be granted leave to amend complaints that have been dismissed pursuant to a Rule 12(b)(6) motion, that general rule "does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal." *Enriquez v. Aurora Loan Servs., LLC*, 509 F.App'x 607, 608 (9th Cir. 2013).

## IV.     LEGAL ARGUMENT

### a.    Cross-Complaint Fails to State Facts Sufficient to Constitute a Cause of Action Against SCWD Because There is No Allegation that SCWD Violated a Statute.

The California Government Code sets forth a comprehensive statutory liability scheme known as the California Tort Claims Act ("Tort Claims Act").  The Tort Claims Act sets forth specific claims and immunities applicable to California public entities.  As it applies to this case, Government Code section 815(a) states:

> Except as otherwise provided by statute:
>
> (a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person.

The opening portion of the statute is the most crucial, "Except as otherwise provided by statute…"  The California courts have consistently held that this language means that in order to impose liability upon a public entity, there must be a specific statute that establishes a duty of care owed to the plaintiff.

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

Case 5:24-cv-06835-NW   Document 44-1   Filed 06/17/25   Page 4 of 6

In *Hoff v. Vacaville Unified School District* (1998) 19 Cal.4th 925, the California Supreme Court confirmed this principle:

> Under the California Tort Claims Act (Gov. Code, § 810 *et seq*.), "a public entity is not liable for injury arising from an act or omission except as provided by statute. (Gov. Code, §815, subd. (a); [citation].)" [citations] Thus, in California, "all government tort liability must be based on statute [citation]." (*Lopez v. Southern Cal. Rapid Transit Dist.* (1985) 40 Cal. 3d 780, 785, fn. 2 [221 Cal. Rptr. 840, 710 P.2d 907].) " 'In the absence of a constitutional requirement, public entities may be held liable only if a statute ... is found declaring them to be liable.' " (*County of Sacramento v. Superior Court* (1972) 8 Cal. 3d 479, 481 [105 Cal. Rptr. 374, 503 P.2d 1382].)

*Id.* at 925 (internal footnote and some citations omitted).

      b.  <u>NJFC's Cross-Complaint Alleges that SCWD is a Public Entity But Fails to Allege Any Statute that It Has Allegedly Violated.</u>

NJFC's Cross-Complaint acknowledges that SCWD is a public entity (XC ¶ 10). Nowhere within the Cross-Complaint's allegations are there any references to a statute that might impose liability on SCWD. Instead, the four common law causes of action (3-6) assert exactly that, common law claims without any reference to a statutory duty. As a result, the four common law claims fail to state a cause of action as a matter of law and the Court should grant SCWD's motion to dismiss.

## V.    CONCLUSION

For the reasons stated above, SCWD requests that the Court grant its Motion to Dismiss.

DATED: June 17, 2025                LEWIS BRISBOIS BISGAARD & SMITH LLP

                                           By:    */s/ Joseph A. Salazar, Jr.*
                                                     JOSEPH A. SALAZAR JR.
                                                     Attorneys for Cross-Defendant, SUNNYSLOPE COUNTY WATER DISTRICT



158222891.1                                      4                                     Case No. 5:24-cv-06835-NW
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SUNNYSLOPE COUNTY WATER DISTRICT'S MOTION TO DISMISS THE NEIL JONES FOOD COMPANY DBA SAN BENITO FOODS CROSS-COMPLAINT

**FEDERAL COURT PROOF OF SERVICE**
Joseph Vallejo, et al. v. The Neil Jones Food Company, et al.
Case No. 5:24-cv-06835-NW

STATE OF CALIFORNIA, COUNTY OF SACRAMENTO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 2020 West El Camino Avenue, Suite 700, Sacramento, CA 95833. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On June 17, 2025, I served the following document(s):

- MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SUNNYSLOPE COUNTY WATER DISTRICT'S MOTION TO DISMISS THE NEIL JONES FOOD COMPANY DBA SAN BENITO FOODS CROSS-COMPLAINT

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**SEE ATTACHED SERVICE LIST**

The documents were served by the following means:

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on June 17, 2025, at Sacramento, California.

*/s/ Alicia Crespo*
Alicia Crespo



158222891.1                     1                     Case No. 5:24-cv-06835-NW
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SUNNYSLOPE COUNTY WATER DISTRICT'S MOTION TO DISMISS THE NEIL JONES FOOD COMPANY DBA SAN BENITO FOODS CROSS-COMPLAINT

**SERVICE LIST**
**Joseph Vallejo, et al. v. The Neil Jones Food Company, et al.**
**Case No. 5:24-cv-06835-NW**

| | |
|---|---|
| Mike Arias<br>Arnold C. Wang<br>Arias Sanguinetti Wang & Team LLP<br>6701 Center Drive West, 14th Floor<br>Los Angeles, California 90045 | Attorneys for Plaintiffs, JOSEPH VALLEJO, VICTOR ESPERICUETA and CHRISTOPHER JONES on behalf of themselves and all others similarly situated<br><br>T: 310-844-9696<br>F: 310-861-0168<br>mike@aswtlawyers.com<br>arnold@aswtlawyers.com |
| Steven D. Liddle<br>Laura L. Sheets,<br>D. Reed Solt<br>Liddle Sheets PC<br>975 E. Jefferson Avenue<br>Detroit, Michigan 48207<br><br>*Pro Hac Vice Applications to be submitted | Attorneys for Plaintiffs, JOSEPH VALLEJO, VICTOR ESPERICUETA and CHRISTOPHER JONES on behalf of themselves and all others similarly situated<br><br>T: 313-392-0015<br>F: 313-392-0025<br>sliddle@lsccounsel.com<br>lsheets@lsccounsel.com<br>rsolt@lsccounsel.com<br>mrobb@lsccounsel.com |
| David J. Weiland<br>Steven C. Clark<br>Coleman & Horowitt, LLP<br>499 W. Shaw Avenue, Suite 116<br>Fresno, CA 93704 | Attorneys for Defendant/Cross-Complainant NEIL JONES FOOD COMPANY, dba SAN BENITO FOODS<br><br>T: 559-248-4820<br>F: 559-248-4830<br>sclark@ch-law.com<br>dweiland@ch-law.com |



158222891.1     2     Case No. 5:24-cv-06835-NW

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SUNNYSLOPE COUNTY WATER DISTRICT'S MOTION TO DISMISS THE NEIL JONES FOOD COMPANY DBA SAN BENITO FOODS CROSS-COMPLAINT