DAVID J. WEILAND #160447
Email: dweiland@ch-law.com
STEVEN C. CLARK #181050
Email: sclark@ch-law.com
COLEMAN & HOROWITT, LLP
499 W. Shaw Avenue, Suite 116
Fresno, California 93704
Telephone: (559) 248-4820
Facsimile: (559) 248-4830

Attorneys for Defendant/Cross-Complainant NEIL JONES FOOD COMPANY, dba SAN BENITO FOODS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH VALLEJO, VICTOR ESPERICUETA and CHRISTOPHER JONES on behalf of themselves and all others similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>THE NEIL JONES FOOD COMPANY, dba SAN BENITO FOODS<br><br>Defendant.<br><br>THE NEIL JONES FOOD COMPANY, dba SAN BENITO FOODS<br><br>Cross-Complainant,<br><br>v.<br><br>SUNNYSLOPE COUNTY WATER DISTRICT, a proprietary entity; ROES 1 – 10, inclusive,<br><br>Cross-Defendants. | Case No.: 5-24-cv-06835-NW<br><br>**NEIL JONES FOOD COMPANY'S MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO SUNNYSLOPE'S MOTION TO DISMISS CROSS-COMPLAINT**<br><br>**Date: October 1, 2025**<br>**Time: 9:00 a.m.**<br>**Courtroom: 3** |

Defendant/Cross-Complainant NEIL JONES FOOD COMPANY, dba SAN BENITO FOODS ("NJFC"), respectfully submits this Memorandum of Points & Authorities in Opposition to Sunnyslope's Motion to Dismiss Cross-Complaint.

///

Currently, Plaintiffs have sued only NJFC. Defendant/Cross-Complainant Neil Jones Food Company ("NJFC") and thus NJFC has filed a Cross-claim against Cross-Defendant Sunnyslope County Water District ("SCWD"). NJFC served a notice of claim upon SCWD as it is believed to be a public entity and thereafter, 45 days passed with no response. As such, NJFC filed the instant Cross-claim against SCWD.

## I. INTRODUCTION AND RELEVANT FACTS

Plaintiffs alleges in this case that a nuisance was created. They allege both public and private nuisance and negligence. However, their complaint and its allegations currently only name Neil Jones Food Company (NJFC). Plaintiffs allege that NJFC created a nuisance through its processing and treatment of wastewater. However, at all relevant times Cross-Defendant, SCWD, through a contract with NJFC, processed the wastewater and operated/managed the wastewater treatment plant at issue in this case.

NJFC has now crossclaimed against SCWD and in the Cross-claim it attaches the wastewater treatment plant operation agreement. This agreement notes that during all relevant times alleged by Plaintiffs, the wastewater treatment plant was actually operated by SCWD pursuant to its contract entered into with NJFC. (Cross-claim with attachments, Attachment A.) NJFC does not treat wastewater and NJFC did not process the wastewater here. NJFC would expect that having now received this information that Plaintiffs would amend their complaint to allege these allegations against SCWD, the entity that actually did process and treat the wastewater at issue in this case and which operated the wastewater treatment plant facility which is at issue in this case.

As Plaintiffs had not yet named SCWD as a Defendant, based on their claims of improper operation and processing of wastewater at the wastewater treatment facility, NJFC has filed its Cross-claim to ensure that those issues are adjudicated against the rightful party. The facts alleging the nuisance claims, both private and public were pled by Plaintiffs. NJFC was attempting to pass those allegations alleged by Plaintiffs of causing nuisance, both private and public, through wastewater processing onto SCWD as they actually processed the wastewater at issue and operated the wastewater treatment plant at issue here.

The methods chosen to do that was through alleging causes of action against SCWD for equitable indemnity, comparative equitable indemnity, contribution, and declaratory relief to the extent the court feels that NJFC has not adequately pled its allegations against SCWD then NJFC stands ready to remedy that through amendment, with court permission.

## II. ARGUMENT

### A. BY CONTRACTING WITH NEIL JONES FOOD COMPANY, SCWD HAS WAIVED ITS SOVEREIGN IMMUNITY.

SCWD argues at the very beginning of its motion that "…a public entity under California state law cannot be liable for a common law claim." (Memorandum of Points & Authorities, page 2, lines 5 – 6.) This argument is patently false. It has been long held in California that a public entity can be held liable to third parties if it was acting in a private, non-governmental capacity. (*Nestle v. City of Santa Monica* 6 Cal. 3d 920, 931 – 940 (Cal. 1972); [101 Cal. Rptr. 568, 496 P.2d 480].); discussing the historical development of nuisance against a public agency; see also *Varjabedian v. City of Madera*, 20 Cal.3d 285 (Cal. 1977).) Unlike operating its own wastewater treatment plant, SCWD contracted privately to provide services to operate that portion of a wastewater treatment plant leased by Neil Jones Food Company ("NJFC"). In doing so, SCWD should be held to the same standards as a private wastewater treatment operator. SWCD was not performing its core functions for its own benefit, or for the benefit of its customers. Rather, it was performing services, for profit, for NJFC. As such, SWCD should be bound by the terms of its contract with NJFC, judged on its performance pursuant to the terms of its contract, and judged as to whether it breached its contract and the duty it created by undertaking the work embodied by the contract. Its failure to perform its scope of work under the terms of its contract with NJFC constitutes a material breach of its contract with NJFC, and a breach of duty to NJFC and to any third party negatively affected by SWCD's breach of duty. Plaintiffs takes issue with causes of action 3-6 for equitable indemnity, comparative equitable indemnity, contribution, and declaratory relief as contained in NJFC's Cross-claim. (Motion lines 16-19.) However, based upon the above, NJFC argues it should be permitted to allege those causes of action as SCWD's sovereign immunity protection was waived based upon its entering into the contract with NJFC.

## B.  SCWD CAN ALSO BE HELD TO ANSWER FOR NUISANCE PURSUANT TO STATUTE.

SCWD counsel appears to have noted a proper a standard for analysis here in noting "When, as here, there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although the general rule is that plaintiffs should be granted leave to amend complaints that have been dismissed pursuant to a Rule 12(b)(6) motion, that general rule "does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal." (*Enriquez v. Aurora Loan Servs., LLC*, 509 F.App'x 607, 608 (9th Cir. 2013).) (Motion page 3 lines 8-14.)  However, as noted by NJFC herein, any required amendment of its Cross-claim here would not be futile.

Once again, Plaintiffs take issue with causes of action 3-6 for equitable indemnity, comparative equitable indemnity, contribution, and declaratory relief as contained in NJFC's Cross-claim. (Motion lines 16-19.) NJFC's Cross-claim currently sets forth the facts and causes of action asserted by Plaintiffs where Plaintiffs are claiming that a public and private nuisance existed for odor and that NJFC created the nuisance. Further, NJFC has added their own allegations. Plaintiffs are basing their claim of NJFC's responsibility for nuisance by claiming that at the facility, NJFC performed operations which resulted in a nuisance being created. NJFC's Cross-claim against SCWD notes that SCWD is actually the operator of the wastewater treatment facility (Cross-claim paragraph 5). Further, NJFC's Cross-claim also notes that the claimed notices of violation cited are from the wastewater treatment plant. (Crossclaim paragraph 47.)

In its current Cross-claim for equitable indemnity, comparative equitable indemnity, contribution, and declaratory relief, NJFC has merely attempted to plead that if Plaintiffs allegations are believed, and that the operations at the facility resulted in a nuisance being created, NJFC alleges responsibility for that nuisance would be SCWD's as the operator of the wastewater treatment facility. However, SCWD appears to take issue with the above assertions made by NJFC in that the allegations are made in a form that does not make reference to statute. Therefore, pursuant to applicable law and to the extent required and permitted by the court, NJFC stand ready to amend

its Cross-claim against Sunnyslope to allege statutory violations. California Civil Code sections 3479, 3480 and 3481 provide a statutory basis for alleging nuisance against a public entity.

In *Nestle v. City of Santa Monica, supra,* the California Supreme Court addressed the issue of governmental liability for nuisance given Government Code section 815. There the court noted …"section 815 of the Government Code does not bar nuisance actions against public entities to the extent such actions are founded on section 3479 of the Civil Code or other statutory provision that may be applicable." (*Nestle v. City of Santa Monica, supra, at p.* 937.

      **1.**    **Civil Code Section 3479 states:**

"Anything which is injurious to health, including, but not limited to, the illegal sale of controlled substances, or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, or unlawfully obstructs the free passage or use, in the customary manner, of any navigable lake, or river, bay, stream, canal, or basin, or any public park, square, street, or highway, is a nuisance." (Cal. Civ. Code Section 3479.)

Here, the application of 3479 should apply as:

Plaintiffs allege that by causing noxious odors produced and controlled by Defendant to physically invade Plaintiffs' land and property, *Defendant intentionally, recklessly, and/or negligently created a nuisance which substantially and unreasonably interfered with Plaintiffs' comfortable use and enjoyment of their property and caused the values of said property to diminish.* (See Complaint ¶ 68 no emphasis added in the original.)

The Civil Code then goes down to breakdown nuisance claims into public and private nuisance under sections 3480 and 3481:

      **2.**    **Civil code section 3480 states:**

"A public nuisance is one which affects at the same time an entire community or neighborhood, or any considerable number of persons, although the extent of the annoyance or damage inflicted upon individuals may be unequal." (Cal. Civ. Code Section 3480.)

      **3.**    **Civil code section 3481 states:**

"Every nuisance not included in the definition of the last section is private." (Cal. Civ. Code

Section 3481.)

Plaintiffs have alleged both public and private nuisance (See Plaintiffs' Complaint paragraphs 54 – 70.) However, Plaintiffs' complaint does not mention SCWD or note SCWD's processing or treatment of the wastewater at issue in this case. (See Plaintiffs' Complaint in its entirety.) Plaintiffs claim that in the storing, transportation and treatment of the wastewater created by its cannery, Defendant causes noxious odors to be emitted into the surrounding community. (Complaint ¶ 23, Cross-claim paragraph 30.) Therefore, one prime aspect of NJFC's Cross-claim is to note for all parties that, where Plaintiff has alleged only the involvement of NJFC, NJFC alleges the involvement of SCWD in asserting that Defendant contracted with SCWD to store, process, and treat the waste and wastewater during all relevant times noted by Plaintiffs in their Complaint. (Cross-claim paragraph 31.) Further, while Plaintiffs alleged that, to treat the wastewater created by its operations, Defendant leases a portion of the City of Hollister's Wastewater Treatment Facility (Complaint ¶ 22 and Cross-claim paragraph 28.); Defendant asserts that Defendant contracted with SCWD to operate the portion of the wastewater treatment facility leased by NJFC which is the subject of Plaintiffs' Complaint. (Cross-claim paragraph 29.). Also while Plaintiffs claim that in the storing, transportation and treatment of the waste created by Defendant's cannery, Defendant causes noxious odors to be emitted into the surrounding community (Complaint ¶ 23 and Cross-claim paragraph 30.); Defendant asserts in its Cross-claim that Defendant contracted with SCWD to store, process and treat the waste and wastewater during all relevant times noted by Plaintiffs in their Complaint. (Cross-claim paragraph 31.)

  C. **PLAINTIFFS' COMPLAINT CONTAINING ALLEGATIONS REGARDING CAUSES OF ACTION I AND II FOR PUBLIC AND PRIVATE NUISANCE PERMITS THE PLEADING OF CIVIL CODE SECTION 3480 AND 3481.**

  1. Plaintiffs allege that the noxious odors which entered Plaintiffs' property originated from the Facility constructed, maintained and/or operated by Defendant. (Complaint ¶ 55 and Cross-claim paragraph 36.)

  2. Plaintiffs allege that Defendant owed and continues to owe a duty to

Plaintiffs and the putative class to take positive action to prevent and/or abate the interference with common public rights and/or the invasion of the private interests of the Plaintiffs. (Complaint ¶ 59 and Cross-claim paragraph 37.)

3. Plaintiffs allege that by constructing and then failing to reasonably repair, maintain, and/or operate its Facility, Defendant has negligently created an unreasonable risk of foreseeable harm by causing the invasion of Plaintiffs' property by noxious odors and pollutants. (Complaint ¶ 60 and Cross-claim paragraph 38.)

4. Plaintiffs allege that the nuisance conditions created by Defendant are continuing, as they arise intermittently and can be abated with reasonable diligence. (Complaint ¶ 67 and Cross-claim paragraph 39.)

5. Plaintiffs allege that by causing noxious odors produced and controlled by Defendant to physically invade Plaintiffs' land and property, Defendant intentionally, recklessly, and/or negligently created a nuisance which substantially and unreasonably interfered with Plaintiffs' comfortable use and enjoyment of their property and caused the values of said property to diminish. (Complaint ¶ 68 and Cross-claim paragraph 40.)

6. While Defendant denies Plaintiffs public and private nuisance allegations, Defendant asserts that Defendant contracted with SCWD to store, process and treat the waste and wastewater during all relevant times noted by Plaintiffs in their Complaint and to the extent these claims were related to those activities they would be the responsibility of SCWD. (Crossclaim paragraph 41.)

7. To treat the wastewater created by its operations, Defendant leases a portion of the City of Hollister's Wastewater Treatment Facility. (Complaint ¶ 22 and Cross-claim paragraph 28.)

8. Plaintiffs claim that in the storing, transportation and treatment of the waste created by its cannery, Defendant causes noxious odors to be emitted into the surrounding community. (Complaint ¶ 23 and Cross-claim paragraph 30.)

9. Defendant asserts that Defendant contracted with SCWD to operate the portion of the wastewater treatment facility leased by NJFC which is the subject of Plaintiffs'

Complaint. (Cross-claim paragraph 29.)

### D. PLAINTIFFS' COMPLAINT ASSERTING SPECIFIC ALLEGATIONS FOR PUBLIC NUISANCE PERMITS THE PLEADING OF CIVIL CODE 3480.

Plaintiffs have alleged that Defendant's well-determined pattern of failing to control its emissions is further demonstrated by: (Complaint ¶ 30 and Cross-claim paragraph 46.) Defendant having received several Notices of Violation (NOV) from the Monterey Bay Air Resources District ("MBARD") relating to its operation of the Facility and resultant odors, including the following: (Complaint ¶ 30 and Cross-claim paragraph 47.)

    1.    Plaintiffs claim that on August 23, 2022, Defendant received an NOV for "[d]ischarge of air contaminants in such quantities as to constitute a public nuisance." This NOV was based on MBARD investigations performed on 8-12-22, 8-14-22, and 8-15-22, that found offsite nuisance odors. (Complaint paragraph 30 and Cross-claim paragraph 47.)

    2.    Plaintiffs claim that on November 8, 2023, Defendant was issued an NOV for multiple violations. (Complaint Paragraph 30)

    3.    Additionally, Plaintiffs claim that Defendant received an NOV from the MBARD on April 18, 2024, for "[d]ischarge of air contaminants in such quantities as to constitute a public nuisance." *Defendants assert that these Plaintiffs are claiming notices of violation from the wastewater treatment plant. (Complaint paragraph 30, and Cross-claim paragraph 47 no emphasis added in the original.)*

Defendant asserts that Defendant contracted with SCWD to store, process and treat the waste and wastewater during all relevant times noted by Plaintiffs in their Complaint. (Cross-claim paragraph 31.) While Defendant denies Plaintiffs nuisance allegations, Defendant asserts that Defendant contracted with SCWD to store, process and treat the waste and wastewater during all relevant times noted by Plaintiffs in their Complaint and to the extent these claims were related to those activities they would be the responsibility of SCWD. (Cross-claim paragraph 48.)

///

///

### III. CONCLUSION

Plaintiffs original complaint may have not specifically spelled out that the claimed Notices of Violation were related to the wastewater treatment facility. Further, Plaintiffs' Complaint did not appear to recognize that SCWD was actually the operator of the wastewater treatment facility. NJFC through its Cross-claim attempts to clear up the allegations in the pleadings. NJFC has attempted to allege that, if Plaintiff's allegations in regard to creating a nuisance are believed, then NJFC alleges that the responsibility for the nuisance was either caused or contributed to by SCWD. As such, NJFC alleges causes of action for equitable indemnity, implied indemnity and contribution against SCWD in its Cross-claim.

Further, NJFC asserts that pursuant to applicable law, SCWD can be held to answer for causes of action related to nuisance under Civil Code Section 3479, private nuisance under Civil Code Section 3480 and public nuisance under Civil Code Section 3481. NJFC further argues that SCWD has waived its sovereign immunity by contracting, for profit, to operate the wastewater treatment plant on property privately leased by NJFC.

To the extent the court would require that the statutory references be specifically set forth in the Cross-claim then NJFC stands ready to do so and would respectfully request, leave from the court to file an Amended Cross-claim. However, NJFC urges the court to find that SCWD has waived its sovereign immunity by contract with NJFC, thus negating the statutory argument altogether.

Dated: July 1, 2025

COLEMAN & HOROWITT, LLP

By: _____
DAVID J. WEILAND
STEVEN C. CLARK
Attorneys for Defendant, NEIL JONES FOOD COMPANY, dba SAN BENITO FOODS