DAVID J. WEILAND #160447
Email: dweiland@ch-law.com
STEVEN C. CLARK #181050
Email: sclark@ch-law.com
COLEMAN & HOROWITT, LLP
499 W. Shaw Avenue, Suite 116
Fresno, California 93704
Telephone: (559) 248-4820
Facsimile: (559) 248-4830

Attorneys for Defendant NEIL JONES FOOD COMPANY, dba SAN BENITO FOODS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH VALLEJO, VICTOR ESPERICUETA and CHRISTOPHER JONES on behalf of themselves and all others similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>THE NEIL JONES FOOD COMPANY, dba SAN BENITO FOODS<br><br>Defendant. | Case No.: 5-24-cv-06835-NW<br><br>**DECLARATION OF STEVEN C. CLARK IN RESPONSE TO ORDER TO SHOW CAUSE**<br><br>Date:         July 28, 2025<br>Time:        9:00 a.m.<br>Courtroom.: 3<br><br>The Honorable Noël Wise |
| THE NEIL JONES FOOD COMPANY, dba SAN BENITO FOODS<br><br>Cross-Complainant,<br><br>v.<br><br>SUNNYSLOPE COUNTY WATER DISTRICT, a proprietary entity; ROES 1 – 10, inclusive,<br><br>Cross-Defendants | |

I, Steven C. Clark, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am a partner with Coleman & Horowitt, LLP and am counsel of record for Defendant The Neil Jones Food Company dba San Benito Foods in the present action.

2. I have personal knowledge of the facts set forth herein, and if called to testify as

---

1
DECLARATION OF STEVEN C. CLARK IN SUPPORT OF RESPONSE TO ORDER TO SHOW CAUSE

a witness, I could and would competently testify thereto. I make this declaration as counsel for The Neil Jones Food Company dba San Benito Foods in response to the Court's Order to Show Cause.

3. For the Court's convenience, I have divided this declaration into various parts, each pertaining to a specific factual area.

### Attorney Experience

4. I have been licensed to practice law in California since 1995.

5. During my more than 25 years of experience, my practice has generally focused on representing parties in civil litigation matters. I have tried over a dozen matters to verdict, including matters involving contractual and tort claims.

6. I have, to my knowledge, never been accused of illegal or otherwise unethical conduct in connection with the practice of law. I have never had disciplinary charges filed against me by the California State Bar or any disciplinary body associated with any federal district court.

### The Motion to Dismiss

7. On April 7, 2025, I filed a Motion to Dismiss/Motion to Strike on behalf of my client, Defendant The Neil Jones Food Company dba San Benito Foods.[1][2]

8. Before filing that motion, I researched the relevant issues and arguments that would support a motion to dismiss/motion to strike, and saved those materials into an electronic file for future use. That file included, among other things, materials related to the *Gutierrez v. C&H Sugar, Inc.* matter.

9. Thereafter, I instructed a senior paralegal in my office with significant experience

---

[1] In the Court's Order to Show Cause, the Court expresses confusion as to my filing a motion to dismiss, answer, and cross-complaint at effectively the same time. I mistakenly believed that doing so was necessary to preserve certain arguments, and to prevent waiver, but I recognize in hindsight that doing so was not required and caused unnecessary confusion.

[2] I acknowledge the Motion to Dismiss was filed Monday, April 7, 2025, one day after the Sunday, April 6, 2025, deadline to do so. I had considered items scheduled for Sunday often being moved to Monday, but I did not recognize the "on or before" language in the order and, regardless, I filed without obtaining the appropriate permission from the court. This was absolutely my fault and I apologize. There was no disrespect intended to the Court or the other parties, and I acknowledge I absolutely did not handle it properly.

in preparing initial draft pleadings and motions in state and federal court to prepare the first draft of the motion for my review. I specifically directed the paralegal to review the materials I had compiled in an electronic research file to aid in the preparation of the motion. The paralegal prepared the motion and provided the initial draft of motion to me for my review.

### No Intent to Deceive the Court

10. Once drafted, I read and reviewed the draft motion. In doing so, I did not observe anything in the draft that would lead me to believe any part of the draft had been copied and pasted from another filing. I believe the only (primary) way I would have learned this would have been to review the brief alongside the brief filed in *Gutierrez*, which I did not do because I had no reason to believe sections of the *Gutierrez* brief were copied verbatim into the draft brief. Although I had reviewed the *Gutierrez* motion when preparing the research file, I had done so only briefly and was not familiar enough with it to have recognized the similarities between the *Gutierrez* motion and the subject brief.[3] Nor did I observe that any part of the brief lacked proper citations. After reviewing and approving the brief, I instructed my assistant to finalize and file it with the Court.

11. I understand now that excerpts from the *Gutierrez* brief were copied and pasted into the brief that I filed with the Court. **This occurred because I failed** to provide adequate instruction and supervision. **I take full responsibility for the impropriety of the filing.**

12. In retrospect, I acknowledge I did not adequately instruct and supervise the paralegal assigned to prepare the motion. Although I did not instruct or otherwise suggest to the paralegal that the paralegal copy and paste excerpts of the *Gutierrez* brief *verbatim*, I should have specifically instructed that any work product from another filing or brief must be appropriately cited or credited. In retrospect, by not giving those specific instructions, **I did not provide sufficient instruction, guidance, and supervision. Further, the decision to file the brief in**

---

[3] I provide this explanation **only** to explain how it came to be that the brief I filed included the offending text and to ensure the Court I had no intent to include text in the brief lacking proper citations or to purposefully mislead or deceive the Court. This explanation is **not** meant to cast blame in any respect on the paralegal that assisted me in preparing this brief. This is an explanation, but it is not an excuse as there is no excuse for this. I take full responsibility for the preparation of the subject brief and the decision to file it with the Court.

**its final form was mine and I take full responsibility for that decision. I understand that, by signing the pleading, I was fully responsible for its contents.**

13. Although the brief included language copied from another law firm's brief, I do not believe the brief misrepresented the law.

14. I had no intent to deceive the Court or to pass along anyone else's work as my own. I have never instructed a subordinate to cut and paste from a brief, or to intentionally use text from another source without properly citing it; nor have I ever done so myself. However, I take full responsibility for the impropriety of the subject filing. I recognize now that better handling by me, better staff training, more explicit instructions, and closer supervision are all necessary to fully meet my professional duties.

### Proposed Appropriate Sanction

15. The Court ordered me to propose the appropriate sanction in response to the Court's Order to Show Cause. I note that as a result of this situation, I have suffered significant repercussions, including public embarrassment and strain in my professional relationships. Many have read the Court's order related to this matter. I'm sure this order will be reviewed by more people in the future and my poor handling of this matter will follow me. However, in preparing to come before the Court, I did learn that part of the process here, which I have unfortunately become a part of, is to ensure that others do not behave similarly and to that extent, my embarrassment hopefully may serve a valuable ongoing purpose.

16. I am incredibly remorseful. I take the Court's order very seriously, and will be more diligent in terms of instructing and supervising subordinates in the future. For example, I will ensure I take steps to confirm for myself that all lawyers and all non-lawyer staff assisting in preparing filings are properly trained on how to provide proper attribution when citing text verbatim. These steps will include providing specific training on this issue to myself, lawyers, and non-lawyer staff with whom I work. I will also more clearly and directly communicate instructions to subordinates, including specifically ensuring they have had the training necessary to provide support on the tasks that are delegated to them.

17. Should the Court nevertheless impose sanctions I respectfully request that those

---
4
DECLARATION OF STEVEN C. CLARK IN SUPPORT OF RESPONSE TO ORDER TO SHOW CAUSE

sanctions be **against me, only, and not against my client, Defendant The Neil Jones Food Company dba San Benito Foods**. Defendant was not involved in preparing the offending motion. This was my conduct, and I should bear the ramifications for it.

I sincerely and deeply apologize to the Court and pledge to dedicate myself to ensuring nothing like this happens again.

I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct, and that I executed this Declaration on July 14, 2025, at Fresno, California.

_____
Steven C. Clark