UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH VALLEJO, VICTOR ESPERICUETA and CHRISTOPHER JONES on behalf of themselves and all others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>THE NEIL JONES FOODS COMPANY, dba SAN BENITO FOODS,<br><br>Defendant. | Case No. 5:24-cv-06835-EKL<br><br>Hon. Noel Wise |

## <u>SETTLEMENT AGREEMENT</u>

This Settlement Agreement is made and entered into this 30th day of July 2026, by and between Defendant The Neil Jones Food Company, d/b/a San Benito Foods ("NJFC" or "San Benito"), Third Party Defendant Sunnyslope County Water District ("SCWD") and Plaintiffs Joseph Vallejo, Victor Espericueta, and Christopher Jones on behalf of themselves and a putative class as defined below, subject to and conditioned on preliminary and final approval by the U.S. District Court for the Northern District of California.

WHEREAS:

A. The Definitions appearing in Section 2 and other terms defined in this Settlement Agreement are incorporated by reference in these introductory sections.

B. NJFC owns and operates the tomato canning facility located at located at 110 Hawkins St., Hollister, California. (the "Facility").

C. NJFC operates a cannery at the Facility and as part of that process water is used, transported to, and then is processed at a wastewater treatment plant, a portion of which is leased by

1

NJFC.  The wastewater treatment plant (WWTP) is located at or around 1321 South Street Hollister, California. At all relevant times related to the Plaintiffs claims, the wastewater treatment and processing was performed by SCWD pursuant to a contract SCWD entered into with NJFC for SCWD to perform same.

D.  Named Plaintiffs allege that they and the Class Members have suffered damages as a result of the Facility's and WWTP's operations.

E.  Named Plaintiffs, on behalf of themselves and the putative Class Members, have filed this class action against NJFC. NJFC has filed a cross-claim against SCWD.

F.  NJFC and SCWD vigorously deny all allegations of wrongdoing or liability made in the Litigation. NJFC and SCWD consider it desirable, however, to enter into this Settlement Agreement without in any way acknowledging any fault or liability, and solely for the purpose of terminating this Litigation to avoid the cost, expense, inconvenience, uncertainty, distraction, time, and effort required to continue to defend such complex, burdensome, and protracted litigation, and, as to NJFC, to permit the continued operation of its affairs unfettered by the tangible and intangible expense of the Litigation and the distraction and diversions of itself and of its key personnel.

G.  This Settlement Agreement and all related documents are not and shall not be construed as an admission or concession by NJFC or SCWD of any fault or liability or wrongdoing, or of any deficiencies, faults, errors or omissions of any nature whatsoever of or by NJFC or SCWD, and shall not be offered or admissible as evidence of any such liability or wrongdoing in this or any future proceeding. Moreover, this Settlement Agreement and all related documents are not and shall not be construed to be an admission or concession by any NJFC or SCWD Releasee of acquiescence to class certification in any case other than

2

this case's settlement class for settlement purposes only. The Parties agree that the facts and circumstances of this case are unique, and as such, the Parties agree that this Settlement Agreement, settlement, and acquiescence to a settlement class on the part of the NJFC and SCWD Releasees are for settlement purposes only, and will apply only to the facts and circumstances of this case and should not be considered in any other case or set of facts.

H. Class Counsel are familiar with the claims being settled and the defenses asserted. Class Counsel have conducted a thorough investigation relating to the claims and underlying events and transactions alleged in the Class Action Complaint.

I. Class Counsel believe that the Litigation has substantial merit. However, Class Counsel recognize and acknowledge that the expense and length of continued proceedings necessary to prosecute the Litigation involving NJFC and SCWD through trial and appeals may be a costly, time-consuming undertaking. Class Counsel also have taken into account the uncertain outcome of any future class certification motion and the risk of further litigation, especially in a complex suit such as this action, as well as the difficulties and delays inherent in such litigation. Class Counsel have also taken into account, among other things, the strengths and uncertainties of the claims asserted in the Litigation and the substantial benefits to be conferred on the Class by the settlement set forth in this Settlement Agreement. Class Counsel, therefore, have determined that the settlement set forth in this Settlement Agreement is in the best interests of the Class.

J. Counsel for the Parties ("Plaintiffs, NJFC and SCWD") engaged in intensive, arms-length negotiations through mediation on February 9, 2026, in which the Parties reached the primary terms of a class agreement to settle Plaintiffs' claims against NJFC.

K.  It is the intention of the Parties that the proposed settlement described in this Settlement Agreement completely resolves, releases, and forever discharges all Released Claims, as defined in Section 2 and elaborated in Section 8.

L.  NJFC and SCWD have agreed to settle the Litigation as part of a complete settlement and a release of all Released Claims, as defined in Section 2 and elaborated in Section 8.

NOW THEREFORE, intending to be legally bound hereby, and in consideration of the promises, mutual covenants and conditions contained herein, IT IS STIPULATED, CONSENTED TO AND AGREED as follows, by and among the Parties, through their undersigned attorneys on behalf of their respective clients and the Settlement Class, for purposes of the settlement only and subject to the approval of the Court under Federal Rule of Civil Procedure 23(e):

1.  <u>Settlement</u>

    a.  The Litigation and all Released Claims for which a release is being given pursuant to Section 8 shall be finally and fully settled, compromised and dismissed on the merits, with prejudice and without costs (except as set forth herein), subject to the approval of the Court, in the manner and upon the terms and conditions set forth in this Settlement Agreement. Neither the settlement nor this Settlement Agreement shall constitute or be an admission for any purpose by NJFC, SCWD, or any other person, or entity or be deemed evidence of any violation of any statutes, regulation, permit condition, or law, or an admission of any wrongdoing or liability by NJFC or SCWD. Moreover, neither this settlement nor this Settlement Agreement shall constitute or be an admission for any purpose by NJFC, SCWD, or any other person, or entity, of acquiescence to class certification in any case other than this Litigation's settlement class for settlement purposes only. The Parties agree that the

facts and circumstances of this case are unique, and as such, the Parties agree that this Settlement Agreement, Settlement, and acquiescence to a settlement class on the part of the NJFC and SCWD  releasees are for settlement purposes only, and shall apply only to the facts and circumstances of this case and should not be considered in any other case or set of facts.

2. Definitions

As used herein, the following terms shall have the meanings stated in this Section:

a. "Administration of Settlement" or "Settlement Administration" means provision of the required Notice, receiving, assisting, and maintain claims and proof of claims, calculating and verifying claims, and overseeing the distribution of the Settlement Fund.

b. "Class" or "Settlement Class" or "Class Members" shall mean and include all owner-occupants and renters of residential property located in any part within the Class Area during the time period of September 27, 2021, through the Preliminary Approval Date (the "Class Period").

c. "Class Area" shall mean the area located within the geographic boundary defined below and as specifically delineated in the Class Area Map attached as Exhibit A.[1]

---

[1] The Class Area is verbally described as: Beginning at the intersection of Nash Road and the San Benito River to the southwest, ("Point of Origin"); northwest along the San Benito River to San Juan Hollister Road; northeast then east on San Juan Hollister Road to 4th Street; continuing on 4th Street travelling east to McCray Street; southeast on McCray Street to the intersection of East Park Avenue and Prospect Avenue; southeast on Prospect Avenue to Tres Pinos Road; west on Tres Pinos Road to East Nash Road; continuing on East Nash Road to point of origin. To the extent that there is any ambiguity between the Class Area Map (Exhibit A) and this verbal description of the Class Area, the Parties expressly agree that the geographic boundaries depicted in the Class Area Map shall govern.

d. "Class Counsel" shall mean Steven D. Liddle, Esq., Laura L. Sheets, Esq., Matthew Z. Robb, Esq., and all law firms in which any of them were a partner, shareholder, associate, counsel, or otherwise associated during the term of their representation of the Plaintiffs.

e. "Class Period" shall mean the period of time between and including September 27, 2021, and the Preliminary Approval Date.

f. "Court" shall mean the United States District Court for the Northern District of California.

g. "Defendant" or "NJFC" shall mean The Neil Jones Food Company named as Defendant in this litigation.

h. "Third Party Defendant" or "SCWD" shall mean Sunnyslope County Water District as named as a Third Party Defendant in this litigation.

i. "Effective Date" shall mean the date on which this settlement becomes binding as to all parties, which shall be the date on which the Final Judgement and Order approving the settlement becomes Final.

j. "Facility" shall mean the Neil Jones Food Company tomato cannery located at 110 Hawkins Street Hollister, California; and/or the wastewater treatment plant located at or around 1321 South Street Hollister, Ca.

k. "SCWD" shall refer to Sunnyslope County Water District and NJFC further asserts that at all relevant times related to the Plaintiffs claims, the wastewater treatment and processing was performed by ("SCWD") pursuant to a contract SCWD entered into with NJFC for SCWD to perform same.

l. "Final" means the later of the following dates:

i. The date of expiration of the time for filing or noticing of any appeal from the Final Judgment and Order, that is, thirty days after the entry of the Final Judgment and Order computed in accordance with Federal Rule of Civil Procedure 6(a), if no appeal is timely filed.

ii. The date of final affirmance of any appeal, the date of expiration of the time for filing petitions for writs of certiorari and, if certiorari is granted, the date of final affirmance following review pursuant to that grant; or,

iii. The final dismissal of any appeal or proceeding on certiorari.

m. "Final Judgment and Order" means an order and judgment of the Court substantially in the form attached as Exhibit F (or a modified version of that exhibit acceptable to all Parties) concerning, among other things, the certification of the Class for settlement purposes only, the notice program to the Class, the approval of the settlement, and the terms and process for the submission of proofs of claim and the disbursement of the Settlement Fund.

"Household(s)" shall mean all persons simultaneously living in any particular occupied unit(s) of residential real property (a particular house, apartment, condominium, or similar) within the Class Area at any point during the Class Period. Predecessor or successive Households within the Class Area that occupied the same residential dwelling unit during a different time within the Class Period shall be considered separate Households under Section 5(e) and Section 6 below and shall be entitled to make a claim for a full share of any approved Settlement Payment, subject to the claim procedures outlined in Section 6.

n. "Litigation" shall mean the lawsuit captioned *Vallejo et al v. The Neil Jones Food Company, d/b/a San Benito Foods*, Case No. 5:24-cv-06835 (N.D. Cal.).

o. "Named Class Representatives" shall mean Plaintiffs Joseph Vallejo, Victor Espericueta, and Christopher Jones.

p. "NJFC Releasees" shall mean and include NJFC, NJFC's members, parents, subsidiaries, affiliated corporations, affiliated companies, affiliated business entities, former and present employees, contractors, officers, directors, shareholders, members, partners, insurers, accountants, agents, attorneys, representatives, and each of their heirs, executors, administrators, beneficiaries, predecessors, successors, and assigns.

q. "SCWD Releasees" shall mean and include SCWD, SCWD members, parents, subsidiaries, affiliated corporations, affiliated companies, affiliated business entities, former and present employees, contractors, officers, directors, shareholders, members, partners, insurers, accountants, agents, attorneys, representatives, and each of their heirs, executors, administrators, beneficiaries, predecessors, successors, and assigns.

r. "Notice" shall mean the Proposed Notice of Settlement of Class Action and Settlement Hearing, the form and content of which shall be jointly approved by the Parties and submitted to the Court for approval as Exhibit C to the Plaintiffs' forthcoming motion for an Order on Notice and Preliminary Approval, in English and Spanish. A summary of the Notice in a form similar to Exhibit E shall also be published in a newspaper of general circulation. The Notice shall also be posted on

8

Plaintiffs' Counsel's website, and the URL to access this website will be prominently provided on the Class Notice.

s.  "Opt Out" means a Class Member who timely submits a valid notice for exclusion from the Class in substantially the form and within the time set forth in the Notice approved by the Court. If any Class Member opts out of the Class, they will receive no payment under this Settlement Agreement and will not be bound by the Release.

t.  "Opt Out Period" means the period ending thirty (30) days after mailing of the Class Notice, unless a different period is ordered by the Court, in which Class Members may exercise their right to opt out of the Class and this Settlement Agreement.

u.  "Order on Notice and Preliminary Approval" means an order of the Court, substantially in the form attached as Exhibit B.

v.  "Parties" shall mean Plaintiffs Joseph Vallejo, Victor Espericueta, Chrisopher Jones, all Class Members, NJFC and SCWD.

w.  "Plaintiffs" shall mean and include each and every Class Member and Named Class Representatives.

x.  "Preliminary Approval Date" shall mean the date upon which the Court enters the Order on Notice and Preliminary Approval of Class Settlement.

y.  "Qualified Settlement Fund" shall mean a banking account to be established by Class Counsel for the receipt of the Settlement Funds under the Internal Revenue Code. 26 C.F.R. 1.468B-1.

z.  "Released Claims" shall mean any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever,

9

whether based on any federal law, state law, common law, regulation, or equity whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, that result from, arise out of, are based upon, or related in any way (i) to the impact of construction, design, management, maintenance, or operation of the Facility on airborne emissions from September 27, 2021, through the Effective Date and/or (ii) to odors allegedly caused by the Facility irrespective of the source, from September 27, 2021, through the Effective Date, except for any claims expressly reserved herein. Released Claims do not include any claims to enforce the terms of this Agreement or unalleged claims for medical harm or personal injuries, if any.

aa. "Settlement Agreement" means this Settlement Agreement made and entered by the Parties in the Litigation and all exhibits attached to it.

bb. "Settlement Fund" shall mean the payment made by NJFC and SCWD to Class Counsel in accord with Section 5 of this Settlement Agreement plus any accrued interest.

cc. "Settlement Hearing" or "Settlement Fairness Hearing" means a hearing pursuant to Federal Rule of Civil Procedure 23 scheduled to determine, among other things, whether the settlement of the Litigation is fair, reasonable, and adequate, and to consider Class Counsel's application for an award of attorneys' fees and reimbursement of expenses for prosecuting the Litigation and the plan for distributing the Settlement Fund.

dd. "Total Settlement Value" means the settlement package described in Section 5(a)-(b) below, which consists of payment of $950,000 in cash and additional agreements by NJFC Releasees to expend no less than $75,000 on Improvement Measures designed to reduce odor emissions from the Facility, as defined in Section 7 below. The Total Settlement Value is $1,025,000 including the $950,000 settlement fund and $75,000 in Improvement Measures.

ee. "Cooling Off Period Termination Date" shall mean the last day of the time period from the Effective Date until December 1, 2027, during which time no Class Member may institute an action against the Released Parties for property damage claims relating to odors, through claims may accrue and are tolled during that time.

3. <u>Submission of Settlement to the Court</u>

a. As soon as practicable following the execution of this Settlement Agreement, Plaintiffs shall move the Court for entry of an Order on Notice and Preliminary Approval, in a form agreed upon by counsel for the Parties

b. If the Court preliminarily approves this Agreement, Notice shall be given to the Class in a form and manner jointly approved the Parties, in accordance with the Notice specifications approved by the Court in its Order on Notice and Preliminary Approval.

c. On a schedule to be discussed with and set by the Court at the hearing on the Motion for Preliminary Approval, Plaintiffs shall file a request that the Court enter a Final Judgment and Order, substantially in the form attached as Exhibit F. In association with Plaintiffs' request for entry of a Final Judgment and Order, Class Counsel shall provide the Court with copies of all Opt-Outs received, copies of any objections

11

received by Class Counsel but not filed with the Court, and any other documents the Court may request.

d.  The Settlement Fairness Hearing shall be held to decide whether the settlement embodied in this Settlement Agreement shall be finally approved as fair, reasonable, and adequate and whether the terms and conditions shall be approved.  Plaintiffs shall apply to the Court for approval of the settlement and shall each file such papers with the Court as their counsel or the Court determines to be necessary.  At or before the Settlement Fairness Hearing, proof of mailing of the Notice shall be filed by Class Counsel.

e.  At the time Plaintiffs file a request for entry of a Final Judgment and Order, Class Counsel may apply to the Court for an award of attorneys' fees not to exceed one third (1/3) of the Total Settlement Value, and reimbursement of costs and expenses inclusive of settlement administration and notice fees (all of which will be borne by Class Counsel). NJFC and SCWD agree to take no position concerning Class Counsel's application of fees and costs as outlined above but may respond to inquiries from the Court. Plaintiffs and Class Counsel agree not to appeal any award. Any such award of attorney fees and reimbursement of costs and expenses shall be paid exclusively from the Settlement Fund.

f.  In the event that the Order approving the fees, costs, and expense award to Class Counsel is reversed or modified on appeal and in the event the fees, costs, and expense award has been paid from the Settlement Fund, then Class Counsel shall deposit the fees, costs, and expenses into the Settlement Fund with interest consistent with the reversal or modification. It is agreed that the procedure for and

12

the allowance or disallowance by the Court of any applications for attorneys' fees, costs, expenses and interest, including the fees of experts and consultants, are not consideration for this Settlement Agreement, and any order or proceeding relating only thereto shall not operate to terminate, cancel, or affect the finality or effect of this Settlement Agreement

g. All matters relating to the Administration of Settlement, including but not limited to payment to Class Counsel of their fees, costs and expenses, plus interest and disbursement to the Class of the Settlement Fund, shall proceed in accordance with this Settlement Agreement, as approved by orders of the Court.

h. The Parties' obligations to proceed with the settlement are expressly conditioned on:

    i. The Court's preliminary approval of this Settlement Agreement

    ii. The Court's entry of the Final Judgment and Order overruling any objections; and,

    iii. The Final exhaustion of rights of appeal as to such Final Judgment and Order.

If any of these conditions fail, and if the Parties elect not to proceed with a settlement, the Parties shall return to litigation as if no conditional settlement had ever existed.

i. If the settlement does not occur for any reason, this Settlement Agreement shall be of no force and effect and shall be void, and the Settlement Fund shall be repaid to NJFC and SCWD as provided by this Settlement Agreement.

4.  Class Certification

13

a. Plaintiffs shall move the Court for an order certifying the Settlement Class for settlement purposes only pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3)(A)-(C) in conjunction with a request for the Court to approve this settlement.

b. Solely for the purposes of this Settlement, NJFC and SCWD will not object to the Court's certification of the Settlement Class pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3)(A)-(C).

c. Solely for the purposes of this Settlement, NJFC and SCWD consent to the appointment of the Named Class Representatives and Class Counsel as proper and appropriate representatives of the Settlement Class.

d. Subject to Court approval under Rule 23(e) of the Federal Rules of Civil Procedure, payment and other consideration paid or provided by NJFC and SCWD in accordance with the Settlement Agreement shall constitute the full and final settlement of the Litigation, and upon the Effective Date, NJFC and SCWD and the NJFC and SCWD Releasees shall have no further liability or obligation to any member of the Class (by virtue of their status as a Class Member) except as specifically set forth in the Settlement Agreement or in the Final Judgment and Order.

5. <u>Settlement Payment</u>

a. Within five (5) business days of the Final Judgment and Order becoming final, NJFC agrees to pay Liddle Sheets, P.C., a total of Eight Hundred and Fifty Thousand Dollars ($850,000 USD) by check or wire transfer into a Qualified Settlement Fund ("QSF") account to be established by Class Counsel pursuant to the Internal Revenue Code. See 26 C.F.R. 1.468B-1.

14

b.  Within five (5) business days of the Final Judgment and Order becoming final, SCWD agrees to pay Liddle Sheets, P.C., a total of One Hundred Thousand Dollars ($100,000 USD) by check or wire transfer into a QSF account to be established by Class Counsel pursuant to the Internal Revenue Code.  See 26 C.F.R. 1.468B-1.

c.  Class counsel shall seek reimbursement from the Settlement Fund of attorneys' fees not to exceed one third (1/3) of the Total Settlement Value (Cash Fund plus value of Improvement Measures), in addition to out-of-pocket costs and expenses inclusive of settlement administration and notice fees (all of which will be borne by Class Counsel), as may be approved by the Court at the Settlement Fairness Hearing. All such payments to Class Counsel shall be made exclusively by the Settlement Fund.

d.  Subject to the Court's approval, a one-time lump sum payment or incentive award of no more than $2,500 shall be paid to each Named Class Representative from the Settlement Fund for their endeavors on behalf of the Class, in addition to any distribution or payment that they may receive by virtue of their status as one of the Class Members.

e.  The proposed plan of allocation is that the remainder of the Settlement Fund, following deduction of any attorneys' fees, litigation expenses (including settlement administration costs), and incentive awards permitted by the Court, shall be divided equally on a per- Household basis among all Settlement Class Members who timely submit settlement claim forms that are approved by Class Counsel as further explained in Section 6. The Named Class Representatives need not submit a Claim Form to qualify for their proportionate share of the net settlement fund.

Any residual from the settlement funds, such as through uncashed checks, will be distributed to Hollister Guardians. Hollister Guardians is a local, grassroots group whose mission is to support cultural events that elevate the quality of life of Westside Hollister residents, advocate for affordable housing, educate neighbors about environmental and land use issues, and advocate for the interests of families and communities with public officials. Plaintiffs believe that the Hollister Guardians' mission and advocacy relate to the subject matter of this lawsuit and Plaintiffs' claims because their work involves improving quality of life, fighting for environmental justice, and advocating for Hollister residents. Plaintiffs and Class Counsel have no relationship to, or financial interests in, the Hollister Guardians as a proposed cy pres recipient.

f.  Subject to the approval of the Court, no payment from the Settlement Fund to Class Counsel, the Named Class Representative, or any Settlement Class Members shall be made until the Effective Date.

g.  If the settlement as agreed in this Settlement Agreement is not approved by the Court, or if approval of the settlement is reversed on appeal, or if the settlement fails to become effective for any other reason, then the Settlement Fund, including all accrued interest or earnings, shall be returned within ten (10) business days to NJFC and SCWD.

h.  Class Counsel shall conduct all required and necessary work for Administration of Settlement, and all costs and expenses for the Notice and the Administration of Settlement shall be paid by Class Counsel. NJFC and SCWD Releasees shall have no part in or responsibility or liability for the Administration of Settlement and,

16

therefore, are hereby released from any claims related to such administration. To the extent Class Counsel complies with all Court orders concerning the Administration of Settlement, Class Counsel is released from any liability in connection with the Administration of Settlement, except for any proven willful misconduct.

6. Claims and Objections

    a. Claim Forms. Class Members shall have sixty (60) days from the date Class Notice is mailed to submit a claim form in compliance with the terms specified in the Class Notice and on the Claim Form itself. A sample Claim Form is attached to this Settlement Agreement as Exhibit D. Subject to the exercise of reasonable discretion by Class Counsel, Claim Forms shall be approved by Class Counsel if and only if the claimant complies with the requirements set forth in the Class Notice and Claim Form, including the provision of all required documentation of identity and start and end date of property interest. Class Counsel may, but is not obligated to, provide additional time for claimants who fail to properly document their claim to remedy the deficiency. Class Counsel may, but is not obligated to, attempt to verify the deficient claims independently of the proofs submitted. In the event that multiple Claim Forms are submitted for the same Household, all approved claims for that Household will share in one pro rata share of the Settlement Fund. Each Household for which an approved claim is submitted shall share equally in the Settlement Fund after the deduction of such costs, attorney fees, and incentive awards as the Court may approve. Claim Forms that do not meet the requirements set forth in this Settlement Agreement, the Notice, and/or Claim Form instructions shall be rejected.

17

Where a good faith basis exists, Class Counsel may reject a Class Member's Claim Form for, among other reasons, the following:

    i.   the Class Member fails to provide adequate support of its claims pursuant to a request of Class Counsel;

    ii.   failure to fully complete and/or sign the Claim Form;

    iii.   illegible Claim Form;

    iv.   the Claim Form is fraudulent;

    v.   the Claim Form is duplicative of another Claim Form;

    vi.   the person submitting the Claim Form is not a Class Member, or is requesting that funds be paid to a person or entity that is not the Class Member for whom the claim is submitted;

    vii.   failure to timely submit a Claim Form; and/or

    viii.   the Claim Form otherwise does not meet the requirements of this Settlement Agreement, the Class Notice, or the Claim Form Instructions.

b.   <u>Opt-Outs and Objections.</u> Class Members seeking to object to or opt out of this Settlement Agreement must notify Class Counsel in strict compliance with the requirements specified in the Class Notice. For opt-outs, failure to do so will result in the potential Settlement Class Member remaining part of the Settlement Class and, to the extent the settlement is approved, being bound by the Settlement Agreement. For objections, failure to do so may result in the Court not considering the objection, and to the extent the settlement is approved by the Court, all objecting Settlement Class Members will be bound by the Settlement Agreement. All opt-

outs and objections must be in writing and postmarked no more than forty-two (42) days after the date that notice is mailed to the potential Settlement Class Members.

c.  Within fourteen (14) days of this mailing deadline, Class Counsel shall circulate copies of such opt-outs and/or objections to counsel for Defendant.  At least seven (7) days before the Settlement Fairness Hearing, Class Counsel shall file all objections received from or on behalf of Settlement Class Members and file a proposed exhibit to the Final Judgment and Order to the Court identifying the potential Settlement Class Members who timely submitted proper opt out requests.

7.  <u>Improvement Measures</u>

a.  Defendant will expend no less than $75,000 from June 1, 2026 to December 1, 2027 on facility improvement measures designed to control and mitigate odor emissions from the Facility. Defendant commits to invest no less than $75,000 on odor monitoring systems and/or odor reducing chemicals and/or accelerated solids removal.  These are improvement measures that, at the time of this agreement, are not otherwise specifically required by any other governmental agency or entity.

b.  The Parties recognize the necessity to provide the Facility operator with flexibility to react to presently unknown factors that will occur in the future to implement the Improvement Measures.  Thus, while Defendant has committed and is required as part of this settlement to invest at least $75,000 from 6/1/2026 to 12/1/2027  on improvement measures, Defendant maintains sole discretion to make adjustments to the odor mitigation investments at the Facility, and is not required to spend any specific amount of those dollars on the above-referenced improvement measures in any given year, provided that the amount of the investment in Improvement

19

Measures reaches or exceeds the $75,000 commitment by the end of the Cooling-Off Period Termination Date.

c.  No Settlement Class Member shall be permitted to initiate or maintain any action against the Defendant Releasees for nuisance, negligence, or any other claim concerning odors from the Facility between the Effective Date and the Cooling-Off Period Termination Date (including statutory claims). Any claims that may accrue during that time are not released under this Settlement Agreement, and the statute of limitations shall be tolled throughout the Cooling Off Period, but they may not be asserted until after the Cooling-Off Period Termination Date to permit Defendant to fully implement the Improvement Measures prior to initiation of any new litigation concerning odor emissions from the Facility.

8.  <u>Release</u>

a.  Subject to Court approval under Rule 23(e) of the Federal Rules of Civil Procedure, payment and other consideration paid or provided by NJFC and SCWD in accordance with this Settlement Agreement shall constitute the full and final settlement of the Litigation, and upon the Effective Date,  NJFC and SCWD Releasees shall have no further liability or obligation to any Settlement Class Member under this Settlement Agreement, Named Plaintiffs, or Class Counsel except as specifically set forth in this Settlement Agreement or in the Final Judgment and Order.  Upon the Final Judgment and Order becoming Final, each Settlement Class Member and the Named Class Representatives, on behalf of themselves and their heirs, executors, administrators, beneficiaries, predecessors, successors, assigns and each of them, and any of their former and present

employees, directors, officers, accountants, agents, attorneys, representatives, affiliates, and subsidiaries, shall and hereby does forever and fully release and discharge the NJFC and SCWD Releasees, as defined in Section 2, and each of them, and any of their former and present employees, directors, officers, accountants, agents, attorneys, insurers, investment bankers, representatives, affiliates, former or future parents, managing entities, subsidiaries, franchises, and each of their heirs, executors, administrators, beneficiaries, investors, shareholders, predecessors, successors, assigns and each of them of and from any manner of civil or administrative actions, causes of actions, suits, injunctive relief, obligations, claims, debts, demands, agreements, promises, liabilities, controversies, costs, expenses, and attorneys' fees whatsoever, whether in law or in equity and whether based on any federal law, state law, common law or equitable right of action or otherwise, foreseen or unforeseen, matured or unmatured, known or unknown, accrued or not accrued which the Named Class Representatives and Settlement Class Members or any of them, ever had, now have, or can have, or shall or may hereafter have concerning NJFC and SCWD either individually, or as a member of a class, against the NJFC and SCWD Releasees, or any of them, for, based on, by reason of, or arising from or in any way relating to the conduct alleged in Plaintiffs' Class Action Complaint and Jury Demand filed in Case No. 5:24-cv-06835, except that nothing herein releases any claim arising out of the violation of breach of the settlement agreement. Anything to the contrary herein notwithstanding, the release shall not bar claims for medical harm or personal injuries, if any, whether past,

21

present, or future, and shall not bar claims arising from emissions of any kind occurring after the Effective Date. Such claims are expressly reserved.

9.  Remedies for Breach

    a.  Upon the material breach by any Party of any provision of this Settlement Agreement, any Party may seek to enforce this Settlement Agreement and may seek injunctive relief and/or specific performance.

10. Miscellaneous Provisions

    a.  All exhibits attached to this Settlement Agreement are completely incorporated herein and each of which is a necessary part of the settlement.

    b.  Waiver by any Party of any breach of this Settlement Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Settlement Agreement.

    c.  This Settlement Agreement constitutes the entire agreement among the Parties, including agreement for NJFC and SCWD to settle any and all claims against each other for a contribution of $100,000 by SCWD towards settlement as the amount as set forth in paragraph 5(b) above, and no representations, warranties, or inducements other than those set forth herein have been made to any Party concerning this Settlement Agreement.  If finally approved by the Court, this Settlement Agreement supersedes any prior agreement or understanding among the Parties. No representations, warranties, inducements, promises, or agreements oral or otherwise not embodied or incorporated in this Settlement Agreement have been made concerning or in connection with this Settlement Agreement, or the attached exhibits.  Any and all prior discussions, negotiations, agreements, commitments and

understandings relating to this Settlement Agreement are superseded hereby and merged into this Settlement Agreement.

d.  The terms or provisions of this Settlement Agreement may not be changed, waived, modified, or varied in any manner whatsoever unless in writing duly signed by all Parties; any such signed modification shall be with the consent of the Court without further notice to the Class unless the Court requires such additional notice.  Any failure by any Party to insist upon the strict performance by any other Party of any of the provisions of this Settlement Agreement shall not be deemed a waiver of any of its provisions, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Settlement Agreement to be performed by such other Party.

e.  Each of the counsel signing this Settlement Agreement on behalf of the Parties represents that he or she has authority from his or her client or clients to execute this Settlement Agreement on their behalf.

f.  This Settlement Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one in the same document, provided that counsel for the Parties to this Settlement Agreement shall exchange among themselves original signed counterparts.  Electronic or pdf copies of signatures shall be sufficient for purposes of demonstrating original signatures.

g.  This Settlement Agreement shall be binding upon, and inure to the benefit of, successors and assigns of the Parties once it is approved by the Court and all other conditions have been met.

23

h.  Notices of breach or termination required by this Settlement Agreement shall be submitted either by first class mail, overnight delivery, or in person to each party signing this Settlement Agreement:

Defendant NJFC

Steven C. Clark
Coleman & Horowitt, LLP
499 W. Shaw Avenue, Suite 116
Fresno, California 93704
sclark@ch-law.com

Third Party Defendant SCWD
Jay C. Patterson
Lewis Brisbois Bisgaard & Smith, LLP
2485 Natomas Park Drive, Suite 450,
Sacramento, CA 95833
Jay.Patterson@lewisbrisbois.com

Settlement Class:

Steven D. Liddle
Liddle Sheets P.C.
975 E. Jefferson Avenue
Detroit, MI 48207
SLiddle@lsclassaction.com

i.  All terms of this Settlement Agreement shall be governed by and interpreted in accord with Federal Law.  This Settlement Agreement shall be enforced solely in this Court. The Parties irrevocably consent to the jurisdiction of the Court over any suit, action, or proceeding to enforce this agreement, and agree to accept and acknowledge service of any and all process which may be served in any such suit, action, or proceeding, and waive any objection which each such Party may have or hereafter have to the venue of any such suit, action, or proceeding.

24

j.  Because of the arms-length negotiations described above, all Parties hereto have contributed substantially and materially to the preparation of this Settlement Agreement, which, therefore, may not be construed against the drafter of it or any portion of it.

k.  All personal pronouns used in this Settlement Agreement, whether used in the masculine, feminine, or neutral gender, shall include all other genders, and the singular shall include the plural and vice versa.

IN WITNESS THEREOF, the Parties hereto have set their hands and seals of the day and year first written above.

Matthew Z. Robb, Esq.
Proposed Class Counsel
For Plaintiffs and the Putative Class

7/30/26
Date

Joseph Vallejo
Plaintiff

7/21/2026
Date

Victor Espericueta
Plaintiff

Date

Christopher Jones
Plaintiff

Date

NJFC

Date

j.  Because of the arms-length negotiations described above, all Parties hereto have contributed substantially and materially to the preparation of this Settlement Agreement, which, therefore, may not be construed against the drafter of it or any portion of it.

k.  All personal pronouns used in this Settlement Agreement, whether used in the masculine, feminine, or neutral gender, shall include all other genders, and the singular shall include the plural and vice versa.

IN WITNESS THEREOF, the Parties hereto have set their hands and seals of the day and year first written above.

_____                                        _____
Steven D. Liddle, Esq.                                          Date
Proposed Class Counsel
For Plaintiffs and the Putative Class


_____                                        _____
Joseph Vallejo                                                  Date
Plaintiff


_____                                        _____
Victor Espericueta                                             Date
Plaintiff

Signed by:

14893AFDA593410...                                             7/21/2026
_____                                        _____
Christopher Jones                                              Date
Plaintiff


_____                                        _____
NJFC                                                           Date


25

j.  Because of the arms-length negotiations described above, all Parties hereto have contributed substantially and materially to the preparation of this Settlement Agreement, which, therefore, may not be construed against the drafter of it or any portion of it.

k.  All personal pronouns used in this Settlement Agreement, whether used in the masculine, feminine, or neutral gender, shall include all other genders, and the singular shall include the plural and vice versa.

IN WITNESS THEREOF, the Parties hereto have set their hands and seals of the day and year first written above.

_____
Steven D. Liddle, Esq.
Proposed Class Counsel
For Plaintiffs and the Putative Class

_____
Date

_____
Joseph Vallejo
Plaintiff

_____
Date

Signed by:

37A26DB54786486...

_____
Victor Espericueta
Plaintiff

7/21/2026

_____
Date

_____
Christopher Jones
Plaintiff

_____
Date

_____
NJFC

_____
Date

j.  Because of the arms-length negotiations described above, all Parties hereto have contributed substantially and materially to the preparation of this Settlement Agreement, which, therefore, may not be construed against the drafter of it or any portion of it.

k.  All personal pronouns used in this Settlement Agreement, whether used in the masculine, feminine, or neutral gender, shall include all other genders, and the singular shall include the plural and vice versa.

IN WITNESS THEREOF, the Parties hereto have set their hands and seals of the day and year first written above.

_____                    _____
Steven D. Liddle, Esq.                                             Date
Proposed Class Counsel
For Plaintiffs and the Putative Class


_____                    _____
Joseph Vallejo                                                      Date
Plaintiff


_____                    _____
Victor Espericueta                                                 Date
Plaintiff


_____                    _____
Christopher Jones                                                  Date
Plaintiff

_____                    7·27.26
NJPC                                                               _____
                                                                   Date

25

26

SCWD
Drew A. Lander
General Manager

7/27/2026

Date

# EXHIBIT A

# CLASS AREA MAP



# EXHIBIT B

# [PROPOSED] ORDER ON NOTICE AND PRELIMINARY APPROVAL

Mike M. Arias, Esq. (SBN 115385)
Arnold C. Wang, Esq. (SBN 204431)
Michael Anthony Jenkins, Esq. (SBN 171958)
**ARIAS SANGUINETTI WANG & TEAM, LLP**
6701 Center Drive West, 14th Floor
Los Angeles, California 90045
Telephone: (310) 844-9696
Facsimile:  (310) 861-0168

Steven D. Liddle, Esq.*
Matthew Z. Robb, Esq.*
Laura L. Sheets, Esq.*
**LIDDLE SHEETS P.C.**
*Appearing *Pro Hac Vice*
975 E. Jefferson Avenue
Detroit, Michigan 48207
Telephone: (313) 392-0015
Facsimile:  (313) 392-0025

*Attorneys for Plaintiff and the Putative Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEPH VALLEJO, VICTOR ESPERICUETA and CHRISTOPHER JONES on behalf of themselves and all others similarly situated,<br><br>                              Plaintiffs,<br><br>            v.<br><br>THE NEIL JONES FOODS COMPANY, dba SAN BENITO FOODS,<br><br>                              Defendant. | Case No. 5:24-cv-06835-NW<br><br>Hon. Noël Wise<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:<br>Time:<br>Courtroom: 3 |

On _____, 2026, the Court heard Plaintiffs' Motion for Preliminary Approval of Class Action Settlement.  Plaintiffs sought an Order (1) Granting Preliminary Approval of the Proposed Class Action Settlement and conditional certification of the Settlement Class; (2) approving the forms and manner of Notices; (3) appointing the Class Representatives

and Class Counsel; (4) establishing a Schedule for the Provision of Notice of the Settlement to the Members of the Settlement Class; and (5) setting the final approval hearing.

The Court, having read and considered the Motion, the Settlement Agreement, and all other accompanying documents, and with good cause appearing, **HEREBY ORDERS AS FOLLOWS**:

1. This Order incorporates by reference the definitions in the Settlement Agreement (a copy of which is attached the Plaintiff's Unopposed Motion for Preliminary Approval), and all capitalized terms used in this Order will have the same meanings as set forth in the Settlement Agreement, unless otherwise defined in this Order.

2. Subject to further consideration at the Final Approval Hearing, the Court preliminarily approves the Settlement as fair, reasonable, and adequate to the members of the Settlement Class, and as meriting submission to the members of the Settlement Class for their consideration.

3. For the purposes of Settlement only, the Court certifies a Class defined as:

**All owner-occupants and renters of residential property located in any part within the Class Area during the time period of September 27, 2021, through the Preliminary Approval Date (the "Class Period").**

The Class Area is depicted in Exhibit A to the Settlement Agreement.

4. The Court finds that the form, manner, and content of the Notice of Class Action Settlement ("Notice") meets the requirements of due process and Fed. R. Civ. P. 23(e)(1) and provides a means of notice reasonably calculated to apprise the Class Members of the pendency of the action and the proposed Settlement. The Court approves the form and content of the Notice. The costs and expenses associated with providing notice to the Settlement Class shall be paid in accordance with the Settlement Agreement.

5. The Court appoints Joseph Vallejo, Victor Espericueta, and Christopher Jones

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

as Class Representatives of the Settlement Class.

6. The Court appoints Liddle Sheets P.C. and Arias Sanguinetti Wang & Torrijos, LLP as Class Counsel.

7. The Court directs the Notice to the Class in accordance with the schedule set forth below. The Court finds that the dates and form selected for the Notice meet the requirements of due process, provide the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons entitled to notice.

8. The following dates shall govern for the purposes of this Settlement. All days shall be calendar days. In the event any deadline falls on a weekend or holiday, the deadline shall be the next following court day:

| DATE | EVENT |
| --- | --- |
| Within 28 days of this Order | Class Counsel shall disseminate the Class Notice via First Class U.S. Mail, and cause the publication notice to be issued in a newspaper of general circulation, as provided in the Settlement Agreement. |
| 35 days after entry of this Order | Class Counsel shall file the Application for Attorney's Fees, Reimbursement of Litigation Costs, and Incentive Award for the Class Representatives ("Fee Application"). |
| 42 days from the date the Notice is first mailed | Last day for Class Members to:<br>(1) Serve Objections to the settlement and/or the Fee Application; and<br>(2) Serve Opt-Out Requests as specified in the Notice. |
| 60 days from the date the Notice is first mailed | Last Day for Class Members to submit claims for compensation from the Settlement Fund. |
| Within 14 days after the opt-out/objection deadline | Class Counsel shall provide Counsel for Defendant with:<br>1) Declaration attesting to completion of the notice process set forth in the Settlement Agreement;<br>2) Copies of all objections; and |

Page 4

ARIAS SANGUINETTI WANG & TORRIJOS, LLP

| | 3)  Copies of Opt-Out Requests received. |
|---|---|
| 14 days before the Fairness and Final Approval Hearing | All papers and declarations in support of the Final Approval of Settlement shall be filed with the Court. Class Counsel and/or Counsel for Defendant shall file with the Court any responses to written Objections. |

9.    Within fourteen (14) days after the opt-out and objection deadline but in no event later than fourteen (14) days before the Settlement Fairness Hearing, Class Counsel shall circulate copies of such opt-outs and/or objections to counsel for Defendant.

10.    All memoranda, affidavits, declarations, and other evidence in support of the request for approval of the Settlement Agreement and Class Counsel's request for approval of attorneys' fees and costs and the named Plaintiffs' awards shall be filed no later than fourteen days prior to the Final Approval and Fairness Hearing.

11.    The Final Approval and Fairness Hearing is set for _____ at _____ a.m. in Courtroom 3 of the Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st St., San Jose, California 95113. After Final Approval, all Class Members other than those who have validly opted out are entitled to receive the benefits of the Settlement and will likewise be bound by the releases contained in the Settlement Agreement and by the judgments and orders filed or entered in this action.

12.    The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the members of the Settlement Class. The Final Approval and Fairness Hearing may, without further notice to the members of the Settlement Class, be continued by order of the Court. For updates regarding the status of the Final Approval and Fairness Hearing, and for precise terms of the Settlement Agreement, Class Members are

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

*ARIAS SANGUINETTI WANG & TORRIJOS, LLP*

advised to review the Settlement Website, hosted at: www.lsccounsel.com/sanbenito or to contact Class Counsel. Additional information about the case may be publicly accessed in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, San Jose Division, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

13.    This action is stayed pending final determination of whether the Settlement should be approved, except those proceedings necessary to carry out or enforce the terms of the Settlement Agreement.

14.    If, for any reason, the Settlement Agreement is not finally approved or does not become effective, this provisional approval Order, including but not limited to the conditional Settlement Class certification, shall be null and void and automatically deemed vacated. In such event, the parties and the putative Class Members shall be returned to the same litigation position that they were in prior to seeking preliminary approval of the Settlement Agreement, and they shall be free to raise all claims, defenses, and arguments as they would have been able to had they never negotiated or sought approval of the Settlement, including opposing class certification on any and all grounds (including but not limited to Rule 23(a) and (b)(3)(A)-(C). The parties must also promptly schedule a status conference to establish a new scheduling order for the continuation of the Litigation.

Dated: _____          IT IS SO ORDERED

_____
Honorable Noël Wise
United States District Judge

Page 6

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

ARIAS SANGUINETTI WANG & TORRIJOS, LLP

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

# EXHIBIT C
# CLASS NOTICE

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*A court authorized this Class Notice. This is not a solicitation from a lawyer.*

*Vallejo, et al. v. The Neil Jones Food Company d/b/a San Benito Foods,*

*Case No. 5:24-cv-06835 (N.D. Cal.)*

**If you have owned, occupied, or rented residential property within approximately 1.5 miles of the San Benito Foods Facility, or the City of Hollister Wastewater Treatment Plant at any time since September 27, 2021, <u>you may be a Class Member entitled to compensation.</u>**

<u>Please read this Notice carefully, as it affects your legal rights</u>. This notice summarizes the proposed settlement. For the precise terms of the settlement, please see the settlement agreement available at: <u>www.LSCCounsel.com/sanbenito</u>.You can also contact Class Counsel by telephone at:**1-800-536-0045** or by email at: **info@lsclassaction.com**

<u>You may also access the Court's docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system</u> at: <u>https://ecf.cacd.uscourts.gov</u>, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 280 South 1st Street, San Jose, CA 95113, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

| Your Legal Rights and Options in this Settlement | | Deadline |
|---|---|---|
| **SUBMIT A CLAIM FORM** | **The only way to get a cash payment.**<br>You must <u>timely</u> submit a valid Claim Form, which is attached. | Deadline to submit a Claim Form: on or before<br>**[60 days from Mail Date]** |
| **EXCLUDE YOURSELF** | **Receive no payment. Get out of this lawsuit. Retain your right to sue San Benito Foods as an individual with your own lawyer.** If you exclude yourself, you will <u>no</u> <u>longer</u> be a Class Member. This means that you will not be eligible for the benefits or relief in the Settlement. It also means that Class Counsel will not be representing you and there are statutes of limitations that may bar your individual claims. | Deadline to Exclude yourself: on or before<br>**[42 days from Mail Date]** |
| **COMMENT OR OBJECT** | **Write to the Court about why you do not like the Settlement.**<br>You must follow the procedures outlined below. You must remain a member of the lawsuit (you cannot ask to be excluded) if you choose to object to the Settlement. | Deadline to Comment or Object: on or before<br>**[42 days from Mail Date]** |
| **DO NOTHING** | **You receive no payment. Remain bound by Settlement.**<br>By doing nothing, you will not recover money from the Settlement. You will also be bound by the Settlement and give up your rights to sue San Benito Foods separately about the same or similar legal claims in this lawsuit. | |

These rights and options—**and the deadlines to exercise them**—are explained in this Class Notice. The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after appeals, if any, are resolved.

**1. What is the purpose of this Class Notice?**

The purpose of this Class Notice is to inform you of (a) the existence of a class action lawsuit; (b) the proposed Settlement of the class action lawsuit; and (c) your rights with respect to the proposed Settlement. Those legal rights and options include the right to be excluded from the Class and the Settlement.

A class action lawsuit is pending in the U.S. District Court for the Northern District of California, known as *Vallejo, et al. v. The Neil Jones Food Company d/b/a San Benito Foods*, Case No. 5:24-cv-06835 (N.D. Cal.). The Judge, who is overseeing this case, authorized this Notice. You have a right to know about the class action. As a Class Member you have various options that you may exercise before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any appeals are resolved, Defendant will make payments pursuant to the Settlement to Class Members who submit timely and valid claims and undertake certain Improvement Measures designed to reduce odors from the Facility

This Class Notice explains the lawsuit, the Settlement, your legal rights, the available benefits, who is eligible for them, and how to get them.

## 2. What is this lawsuit about?

The above-captioned lawsuit was brought by Joseph Vallejo, Victor Espericueta, and Christopher Jones, ("Plaintiffs") against The Neil Jones Food Company, d/b/a San Benito Foods ("Defendant") **seeking property damages** (*not personal injuries*) due to noxious odors. Plaintiffs asserted various legal claims against the Defendant, based on the allegation that noxious odors were emitted from Defendant's tomato canning facility and invaded nearby properties, causing a nuisance. Plaintiffs are represented in this case by the law firms of Liddle Sheets P.C. ("Class Counsel"), as well as Arias Sanguinetti Wang & Team, LLP.

You can read the Class Action Complaint at www.LSCCounsel.com/sanbenito

## 3. How does the Defendant answer?

The Defendant denies that it is liable on any of Plaintiffs' claims and denies that any person has suffered property damage because of San Benito Foods' tomato canning operation and wastewater treatment operations.

## 4. Has the Court decided who is right?

To date, the Court has not made any rulings on Plaintiffs' claims or Defendant's defenses.

## 5. Why is there a settlement?

The Court did not decide in favor of Plaintiffs or Defendant. Instead, after mediation and formal settlement discussions, both sides agreed to this Settlement. As a result, they avoid the cost, delay and risks associated with trial and any appeals.

## 6. Am I part of this Class?

The Class in this lawsuit consists of all persons who have owned, occupied, or rented any residential property located in whole or in part within the Class Area at any time since September 27, 2021, and who do not affirmatively Opt-Out of this Settlement. A map of the Class Area is available at www.LSCCounsel.com/sanbenito.

## 7. I'm still not sure if I am included?

If you are still not sure whether you are included, you can get help by calling 1-800-536-0045, emailing info@lsclassaction.com, or by writing Class Counsel at the address listed in Question 27, below.

## THE PROPOSED SETTLEMENT

## 8. What are the Settlement benefits?

Questions? Need a Claim Form?
Visit: www.lsccounsel.com/sanbenito or Contact Class Counsel: 800-536-0045 or info@lsclassaction.com

If the Settlement is approved by the Court at or after the Fairness Hearing described in Question 23 of this Notice, the Defendant has agreed to the creation of **a Settlement Fund totaling $950,000 and to undertake certain Improvement Measures valued at $75,000 to mitigate the potential for off-site odors** that Plaintiffs have alleged are caused by the operation of the San Benito Foods tomato cannery and the associated wastewater treatment operations.

### 9. What are the Improvement Measures about?

Defendant has agreed to implement Improvement Measures by investing at least $75,000 between now and December 1, 2027 on odor monitoring systems, odor reducing chemicals, and/or accelerated solids removal to prevent potential odors that Plaintiffs have alleged are caused by the operation of the tomato cannery and the associated wastewater treatment systems. Details about the Improvement Measures can be found by visiting www.lsccounsel.com/sanbenito

### 10. How do I get paid?

To obtain payment from the $950,000 Settlement Fund, you must do the following:

A.      **Complete, sign, and date the Claim Form** (enclosed with this notice). Keep a copy of the completed Claim Form(s) for your records; and

B.      **Mail the appropriate Claim Form and your supporting** documentation, postmarked on or before [Claim Form Deadline], to the following address:

Liddle Sheets P.C.
Attn: San Benito Foods Claims
975 E. Jefferson Ave.
Detroit, MI 48207.

The documentation that must be contained with your Claim Form can be found on the Claim Form.

### 11. What if I don't timely mail a completed Claim Form?

If you fail to submit the Claim Form on or before _____ you will not get paid, but you will still benefit from the Improvement Measures at the San Benito Foods facility. Sending in a Claim Form late will be the same as doing nothing.

### 12. How are payments calculated?

The amount of compensation paid to a Class Member will depend, in part, on the total amount of claims. Accordingly, the amount a Class Member will receive will not be known until after all Claim Forms have been submitted and assessed. Class Counsel shall determine the approved claim amount for a Class Member who has submitted a valid Claim Form based upon the total number of approved Claim Forms. The claim amount for each approved Claim will be calculated by dividing the net Settlement Funds (i.e., the balance remaining after attorneys' fees and expenses, and incentive payments have been distributed from the Settlement Funds) by the total number of addresses for which claims have been submitted.

In the unlikely event that any residual funds remain in the Settlement Fund, such as from uncashed checks, such funds will be distributed to the Hollister Guardians, which is a local, grassroots group whose mission is to support cultural events that elevate the quality of life of Westside Hollister residents, advocate for affordable housing, educate neighbors about environmental and land use issues, and advocate for the interests of families and communities with public officials.

### 13. When will I get paid?

On _____,  the Court will hold a hearing to decide whether or not to approve the Settlement. If the Court approves the Settlement, Class Counsel will begin reviewing each Claim Form submitted. Please note that there is often delay after a Settlement like this is approved. For example, there may be appeals of the Court's order approving the Settlement. The relief provided for by

the Settlement may not be implemented until appeals are finished and the Court's Order is upheld.

**14. What am I giving up by staying in the Class?**

If the Settlement becomes final, Class Members who submit a Claim Form or did nothing at all will be releasing the Defendant from all claims which the Class Members alleged in this lawsuit against San Benito Foods arising from the past conduct alleged in the Class Action Complaint, from September 27, 2021 until the date the Settlement is preliminary approved.

**The release will not bar any claims for medical harm or personal injuries** and will not bar claims of any kind for future emissions occurring after Settlement Approval.

To allow Defendant time to implement the Improvement Measures before any new lawsuits are filed, all Class Members that do not opt out of the Settlement Class will not be allowed to sue Defendant for any alleged claims for odor emissions that occurred *after* the Settlement Approval until after December 1, 2027. This is called a Cooling Off Period, to allow Defendant time to implement the Improvement Measures before any new lawsuits are brought about odors.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**15. How do I get out of this Settlement?**

To exclude yourself from the Settlement, you must send a letter to Class Counsel that contains something like the following statement: "I WANT TO BE EXCLUDED FROM THE SETTLEMENT IN THE SAN BENITO CLASS ACTION LITIGATION." You must include your name, date, address within the Class Area, and your signature. You cannot exclude yourself on the phone or by e-mail. Be sure to include your full name, the address of the Settlement Class area property, signature, and the date. You must mail your exclusion request, postmarked on or before _____, to:

Liddle Sheets P.C.
Attn: San Benito Foods Opt Outs
975 E. Jefferson Ave.
Detroit, MI 48207

If you timely submit your request to be excluded, you will not get any settlement payment and you cannot object to the Settlement. You will not be legally bound by the Settlement.

**16. If I don't exclude myself, can I sue Defendant later?**

No, you cannot sue for the same claims during the same time period.

You can later sue the Defendant for future conduct of Defendant which creates future harm or damages, as opposed to future harm or damages arising out of *past* conduct occurring *prior to* the date when Settlement Approval occurs. However, no Class Member can sue Defendant on any alleged claims for odor that occurred after Final Settlement Approval until after December 1, 2027.

**17. If I exclude myself can I still get money from this Settlement?**

No. If you exclude yourself from the Class you won't get any money or benefits from this Settlement. If you exclude yourself, you should not submit a Claim Form to ask for money from the Settlement. You cannot both exclude yourself from the Settlement *and* receive benefits from the Settlement.

## THE LAWYERS REPRESENTING YOU

**18. Do I have a lawyer in this case?**

The Court has decided that the law firms of Liddle Sheets P.C. and Arias, Sanguinnetti, Wang & Team, LLP are qualified to serve as Class Counsel and to represent you and all Class Members. More information about these firms, their practices, and

their lawyers' experience is available at www.LSCcounsel.com and www.ASWTlawyers.com.

**19.  Should I get my own lawyer?**

You do not need to hire your own lawyer because Class Counsel is working on your behalf. But, if you want your own lawyer or wish to consult with another lawyer about this settlement, you are free to do so and may hire one at your own cost.

**20.  How will the lawyers be paid, and will there be incentive payments?**

Class Counsel has not received any fees for the professional time it has devoted to this matter, nor has it received any reimbursement for any of the out-of-pocket expenses that it has paid in advance to litigate the case since it was filed. **Class Counsel will apply to the Court for an award of attorney fees that does not exceed one-third of the Total Settlement Value** (Cash Fund plus value of Improvement Measures). Class Counsel will also request reimbursement of litigation costs and expenses incurred by Class Counsel during this case (including Settlement Administration and Notice fees). Class Counsel will request that their fees and expenses, and the incentive awards be paid from the Settlement Fund.

In addition, Class Counsel will ask that the Court award the named Plaintiffs a $2,500 service award in recognition of their efforts on behalf of the Class. Any fees, expenses or incentive awards that Class Counsel request must be approved by the Court.

## **SUPPORTING OR OBJECTING TO THE SETTLEMENT**

**21.  How do I tell the Court that I like or do not like the Settlement?**

You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out, and the lawsuit will continue. If that is what you want to happen, you should object.

Any objection to the proposed settlement must be in writing and be postmarked on or before _____. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. If you are a Class Member, you can tell the Court that you like the Settlement and it should be approved, or that you object to the Settlement if you do not like some part or all of it. The Court will consider all comments from Class Members.

All written objections and supporting papers submitted must (a) clearly identify the case name and number (*Vallejo, et al. v. The Neil Jones Food Company d/b/a San Benito Foods*, Case No. 5:24-cv-06835), and (b) be submitted to the Court either by filing them electronically or in person at any location of the United States District Court for the Northern District of California or by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, San Jose Division, 280 South 1st Street, San Jose, California 95113, and (c) be filed  or postmarked on or before _____.

Your written objection should include:

- Your legal name, current residence address, the address of the Settlement Class area property, the time of ownership and/or residence, current contact telephone number, and signature;
- Include a detailed statement of your objections, comments, and any supporting arguments, together with any supporting documents.

If you do not submit a written comment or objection on the proposed Settlement or the application of Class Counsel for incentive awards, attorneys' fees and expenses in accordance with the deadline and procedure set forth above, you may waive your right to be heard at the Fairness Hearing.

**22.  What is the difference between objecting and requesting exclusion?**

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the

Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

**23. When and where will the Court decide to approve the Settlement?**

The Court will hold a Fairness Hearing on _____, at ___ a.m./p.m., at the U.S. District Court for the Northern District of California, San Jose Division, 280 South 1st Street, Courtroom 3, San Jose, California 95113 before the Honorable Noel Wise. At this hearing the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court may listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long it will take for the Court to make its decision.

*The date and time of the final approval hearing may change at the discretion of the Court without further notice to the Class. Please check the Settlement Website or the Court's PACER site in advance to confirm that the date has not been changed.*

**24. Do I have to come to the hearing?**

No. Class Counsel will answer questions the Court may have. But you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as your written objection establishes membership in the Class and is received on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

**25. May I speak at the hearing?**

If you would like to speak at the Fairness Hearing about your comments or objections to the Settlement, you should add to your letter or filing commenting or objecting to the Settlement a statement that you would like to appear and speak at the hearing. An example is stating: "This is my Notice of Intention to Appear *Vallejo, et al. v. The Neil Jones Food Company d/b/a San Benito Foods*." If you intend to appear at the Fairness Hearing through counsel, your comment should also state the identity of all attorneys representing you who will appear at the Fairness Hearing.

<u>**IF YOU DO NOTHING**</u>

**26. What happens if I do nothing at all?**

If you do nothing, you'll get no money from this Settlement but will still be bound by the Settlement and lose your ability to sue, continue to sue, or be part of any other lawsuit against Defendant about the same legal issues for the same time frame at in this case.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE
TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS**

Dated: _____

_____
BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA

# EXHIBIT D
# CLAIM FORM

# SAN BENITO FOODS LAWSUIT
# CLAIM FORM
### GENERAL INSTRUCTIONS

1. **THIS PROOF OF CLAIM FORM MUST BE POSTMARKED BY [INSERT DATE] AND MUST BE FULLY COMPLETED, BE SIGNED UNDER OATH AND MEET ALL REQUIREMENTS OF THE SETTLEMENT AGREEMENT.**

2. You must complete and return this Proof of Claim form along with the requested documentation to: Attn: San Benito Foods Claim Forms, Liddle Sheets, P.C., 975 E. Jefferson Ave., Detroit, MI 48207.

3. It is important that you completely read the Notice of Proposed Settlement of Class Action (the "Notice") that accompanies this Proof of Claim form. The Notice contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Proof of Claim form. By signing and submitting this Proof of Claim form, you will be certifying that you have read the Notice, including the terms of the releases described therein and provided for herein. To the extent that the Notice is inconsistent with the Settlement Agreement, the terms of the Settlement Agreement control.

4. This Proof of Claim form is directed to all members of the Settlement Class as defined in the attached Notice.

5. In order to claim compensation from the settlement, a member of the Settlement Class must submit this Proof of Claim form to Class Counsel.

6. IF YOU ARE NOT A MEMBER OF THE SETTLEMENT CLASS OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, FILED A REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS, DO NOT SUBMIT A PROOF OF CLAIM FORM. YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A MEMBER OF THE SETTLEMENT CLASS. THUS, IF YOU FILE A VALID REQUEST FOR EXCLUSION IN A TIMELY MANNER, ANY PROOF OF CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED, UNLESS YOU SIMULTANEOUSLY WITHDRAW YOUR REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS.

7. You may only participate in the distribution of the proceeds of the settlement if you are a member of the Settlement Class and if you complete and return this form as specified below. If you fail to file a timely, properly addressed, and completed Proof of Claim form, your claim may be rejected and you may be precluded from receiving any proceeds of the settlement. If multiple Proof of Claim forms are submitted by members of the same household, all members of the same household who submit a Proof of Claim form shall share in the proceeds allocable under the Settlement Agreement to that household. Therefore, the submission of multiple Proof of Claim forms by members of the same household will not increase the share of the settlement proceeds allocated to that household.

8. Submission of this Proof of Claim form does not guarantee that you will share in the proceeds of the settlement. The distribution of the funds is governed by the procedures set forth in the Settlement Agreement, if approved by the Court or such other plan of allocation as the Court approves.

9. You are required to submit genuine and sufficient documentation in response to the requests contained in this Proof of Claim form. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT DOCUMENTS. THE LACK OF DOCUMENTATION MAY RESULT IN REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. Please keep a copy of all documents that you send to Class Counsel. Any documents you submit with your Proof of Claim form will not be returned.

10. Please type or print legibly in ink.

**Claimant's Identity**

_____
Your Full Name (please print)

_____
Your Spouse's Full Name (please print)

_____
Mailing address

Email Address

_____
City, State Zip

(_____)_____
Daytime telephone number

**Eligibility**

1.      Please provide the address of the property that you owned or occupied within the Class Area at any time since September 27, 2021.

_____
Claimed address

_____
 City, State Zip

Please provide the dates that you owned or resided at the Claimed Address:

_____

**Proof of Identification**

You must attach to your Claim Form a copy of a government-issued photo identification to establish your identity and current address.  Please mark the box that identifies the requested enclosed item:

□ Driver's License

□ State Identification Card

□ Other government-issued photo identification sufficient to prove your identity

**Claimed Address Ownership and/or Occupancy Status**

If you own(ed) or occupy(ied) residential property within the Class Area, mark the box that describes your interest in that property and attach the requested documents to your Claim Form.

□ Owner  -  If marked, you _must_ attach a copy of documentation of ownership such as a current utility bill

□ Tenant  -  If marked, you _must_ attach a copy of documentation of residence during the applicable time (e.g., a valid lease or rental agreement, government-issued mail or tax documents showing proof of address, etc.).

-1-

**Claimant's Certification**

By submitting this Proof of Claim form, I submit to the jurisdiction of the U.S. District Court for the Northern District of California, in connection with the settlement of the above-captioned action. Further, by submitting this Proof of Claim form, I agree to be bound by the Orders of the Court and to furnish such additional information or proof with respect to the Proof of Claim form as may be required. I understand that Settlement Class Members may not submit more than one Proof of Claim form, even if they lived in multiple homes in the Settlement Class Area.

By signing this Proof of Claim form, I declare, under penalty of perjury, that I have read the Instructions and the Proof of Claim form and know the contents thereof, and that the information set forth in the Proof of Claim form and in any documents provided in support are true and complete to the best of my knowledge, information, or belief.

_____        Date:_____

Your signature

Your fully completed Claim Form must be postmarked no later than _____, 2026
to Class Counsel at the following address:

**Liddle Sheets P.C.**
**Attn: San Benito Foods Claim Forms**
**975 E. Jefferson Ave.**
**Detroit MI 48207-3101**

-2-

# EXHIBIT E

# PUBLICATION NOTICE

**IN THE U.S. DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

# NOTICE OF PENDENCY OF CLASS ACTION SETTLEMENT

**If you have owned or occupied or rented any residential property within approximately 1.5 miles of the San Benito Foods Facility, or the City of Hollister Wastewater Treatment Plant, at any time since September 27, 2021, you may be a Class Member entitled to compensation.**

- A proposed settlement has been reached with The Neil Jones Food Company d/b/a San Benito Foods ("Defendant") which operates a tomato processing facility located at 110 Hawkins St., Hollister, California. The proposed settlement seeks to resolve claims brought by the named Plaintiff on behalf of a proposed class relating to the alleged emission of odors from the Facility. The proposed settlement has been memorialized in a written agreement between the parties (the "Agreement").
- If approved by the Court, the Agreement requires the Class Members to release any and all "Released Claims" as defined in the Agreement and it requires Defendant to pay $950,000 (the "Settlement Funds") for the benefit and advantage of the Class Members. The Agreement also requires Defendant to undertake certain Improvement Measures valued at approximately $75,000 between now and December 1, 2027 to mitigate and prevent any potential odors associated with the operation of the Facility.
- This is only a summary of your rights under the Agreement. For more information, visit www.LSCCounsel.com/sanbenito

| Your Legal Rights and Options in this Settlement | | Deadline |
|---|---|---|
| **SUBMIT A CLAIM FORM** | **The only way to get a cash payment.** You must <u>timely</u> submit a valid Claim Form, which is attached. | Deadline to submit a Claim Form: on or before _____ |
| **EXCLUDE YOURSELF** | **Receive no payment. Get out of this lawsuit.  Retain your right to sue The Neil Jones Food Company d/b/a San Benito Foods.** If you exclude yourself, you will <u>no longer</u> be a Class Member. This means that you will not be eligible for the benefits or relief in the Settlement. It also means that Class Counsel will not be representing you and there are statutes of limitations that may bar your individual claims. | Deadline to exclude yourself: on or before _____ |
| **COMMENT OR OBJECT** | **Write to the Court about why you do not like the Settlement.** You must follow the procedures outlined. You must remain a member of the lawsuit (you cannot ask to be excluded) in order to object to the Settlement. | Deadline to comment or object: on or before _____ |
| **DO NOTHING** | **You receive no payment. Remain bound by Settlement.** By doing nothing, you will not recover money from the Settlement. You will also be bound by the Settlement and give up your rights to sue The Neil Jones Food Company d/b/a San Benito Foods separately about the same or similar legal claims in this lawsuit. | |

# EXHIBIT F

# [PROPOSED] FINAL JUDGMENT AND ORDER

Mike M. Arias, Esq. (SBN 115385)
Arnold C. Wang, Esq. (SBN 204431)
Michael Anthony Jenkins, Esq. (SBN 171958)
**ARIAS SANGUINETTI WANG & TEAM, LLP**
6701 Center Drive West, 14th Floor
Los Angeles, California 90045
Telephone: (310) 844-9696
Facsimile:  (310) 861-0168

Steven D. Liddle, Esq.*
Matthew Z. Robb, Esq.*
Laura L. Sheets, Esq.*
**LIDDLE SHEETS P.C.**
*Appearing *Pro Hac Vice*
975 E. Jefferson Avenue
Detroit, Michigan 48207
Telephone: (313) 392-0015
Facsimile:  (313) 392-0025

*Attorneys for Plaintiff and the Putative Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEPH VALLEJO, VICTOR ESPERICUETA and CHRISTOPHER JONES on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE NEIL JONES FOODS COMPANY, dba SAN BENITO FOODS,<br><br>Defendant. | Case No. 5:24-cv-06835-NW<br><br>Hon. Noël Wise<br><br>**[PROPOSED] FINAL ORDER GRANTING APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:<br>Time:<br>Courtroom: 3 |

In the Preliminary Approval Order dated _____, this Court scheduled a Final Approval and Fairness Hearing for _____, 2026 to determine: (a) whether the proposed settlement between Plaintiffs Joseph Vallejo, Victor Espericueta, and Christopher Jones, individually and on behalf of all others similarly situated, and Defendant The Neil Jones Food Company, on the terms and conditions set forth in the

**FINAL JUDGMENT AND ORDER**

ARIAS SANGUINETTI WANG & TORRIJOS, LLP

ARIAS SANGUINETTI WANG & TORRIJOS, LLP

Settlement Agreement (the "Settlement"),[1] is fair, reasonable, adequate pursuant to Fed. R. Civ. P. 23; and (b) whether to approve Plaintiffs' request for attorneys' fees, reimbursement of litigation expenses, and service awards to the Plaintiffs-Class Representatives.

Pursuant to the Preliminary Approval Order, and on application for final approval of the proposed Settlement Agreement, this matter came before the Court for the Settlement Fairness Hearing on _____, 2026. Plaintiffs, on behalf of themselves and the Settlement Class Members, seek final approval of the Settlement Agreement in its entirety, including an award of attorneys' fees and expenses to Class Counsel, an incentive award to the Named Plaintiffs, and the allocation of the remaining funds to the Settlement Class Members. In addition to their filings, the parties, through their counsel, attended and participated in the Settlement Fairness Hearing.

Through the Preliminary Approval Order, the Court also ordered that the Class Notice (Exhibit C to the Settlement Agreement) be served upon the Class in the manner described in the Preliminary Approval Order, in addition to publication notice in a newspaper of general circulation within the Class Area (Ex. E to the Settlement Agreement). Pursuant to the Preliminary Approval Order, notice of the Settlement was given to potential Settlement Class Members, which was adequate and sufficient notice of the proposed Settlement and the Settlement Fairness Hearing. Among other things, the notice also advised potential Settlement Class Members of the opportunity to object to the proposed settlement or to opt out of the Settlement Class.

The Final Approval and Fairness Hearing was duly held before this Court at which time all interested persons were afforded an opportunity to be heard. This Court has considered all of

---

[1] Capitalized terms used herein but not defined shall have the meanings ascribed to them in the Settlement Agreement.

**FINAL JUDGMENT AND ORDER**

ARIAS SANGUINETTI WANG & TORRIJOS, LLP

the submissions and arguments presented on the proposed settlement, including any objections that were submitted by Class Member.

The Court, having read and fully considered the terms of the proposed Settlement Agreement and all related submissions, and finding that good cause having been shown:

NOW, THEREFORE, THIS COURT FINDS, CONCLUDES, ADJUDGES AND DECREES THAT:

1.     This Order incorporates by reference the definitions in the Settlement Agreement (a copy of which is attached the Plaintiff's Unopposed Motion for Final Approval), and all capitalized terms used in this Order will have the same meanings as set forth in the Settlement, unless otherwise defined in this Order.

2.     This Court has jurisdiction over the Parties, all Settlement Class Members (as defined in the Settlement Agreement), and the subject matter of this litigation.

3.     For purposes of implementation of this Settlement and by agreement of the Parties, the Court certifies the Class as defined in the Settlement Agreement pursuant to Fed. R. Civ. P. 23(e)(1)(B)(ii) for settlement purposes.  Excluded from the Settlement Class are all potential Settlement Class Members listed on Exhibit 1, each of whom timely complied with the requirements set forth in the Class Notice to exclude themselves from and opt out of the Settlement Class and the Settlement Agreement; thus, none of the individuals identified on Exhibit 1 are bound by this Final Judgment and Order.

4.     In assessing the fairness, reasonableness, and adequacy of a settlement in a class action, courts in the Ninth Circuit generally consider the following non-exhaustive factors:

    a)     the strength of the plaintiff's case;

    b)     the risk, expense, complexity, and likely duration of further litigation;

**FINAL JUDGMENT AND ORDER**

c)      the risk of maintaining class action status throughout the trial;

d)      the amount offered in settlement;

e)      the extent of discovery completed and the stage of the proceedings;

f)      the experience and views of counsel;

g)      the presence of a governmental participant;

h)      the reaction of the class members of the proposed settlement.

*In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011) (citing *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir.2004); *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir.1993)).

5.      The Court finds and determines that the terms of the Settlement are fair, reasonable and adequate to the Class and to each Class Member, and that the Settlement is finally approved with due consideration given to each of the applicable factors. The Court finds that the Settlement was reached as a result of informed and non-collusive arm's-length negotiations. The Court further finds that the Parties conducted extensive investigation, research, and discovery and their attorneys were able to reasonably evaluate their respective positions prior to resolution. The Court also finds that the Settlement will enable the Parties to avoid additional and potentially substantial litigation costs, as well as the delay and risks of continuing to litigate the case. The Court has reviewed the Improvement Measures that will be undertaken by Defendant and the significant monetary recovery provided as part of the Settlement and recognizes the significant value accorded to Class Members by both the monetary and injunctive relief. In approving this settlement, the Court gave due consideration to any objections, submissions and arguments presented against the proposed settlement, but the Court ultimately deems this settlement to be fair, reasonable, adequate, and in the best interests of the Settlement Class.

**FINAL JUDGMENT AND ORDER**

ARIAS SANGUINETTI WANG & TORRIJOS, LLP

ARIAS SANGUINETTI WANG & TORRIJOS, LLP

6.      The Court finds and determines that the payments to Class Members as provided for by the Settlement Agreement are fair, reasonable, and adequate in light of the potential recovery, and considering the costs, risks, and delays involved in the litigation. In light of and having considered those factors, and having considered negotiation of, the terms of, and all of the materials submitted concerning the proposed Settlement Agreement; having considered the Named Plaintiffs' likelihood of success of the claims in the Complaint at trial and the possibility that Defendant could prevail on one or more of the defenses pleaded in the Answer; having considered the range of the Named Plaintiffs' (and the putative class's) possible recovery and the complexity, expense, and duration of the Litigation; and having considered the substance and amount of opposition to the proposed settlement, it is hereby determined that:

a)      The Settlement was entered into in good faith, and was fairly and honestly negotiated;

b)      The outcome of the Litigation, and the issue of class certification, is very much in doubt;

c)      It is possible the proposed Settlement Class could receive more if the Litigation were to go through trial, but that it is also quite possible that the proposed Settlement Class could receive less, or nothing, or that Defendant could defeat certification;

d)      The value of immediate recovery outweighs the possibility of future relief which would likely occur, if at all, only after further protracted litigation and appeals;

e)      Both the Named Plaintiffs and Class Counsel have in good faith determined that the Settlement Agreement is in the best interest of the Settlement Class Members, and Defendant has concluded in good faith that

Page 6

**FINAL JUDGMENT AND ORDER**

ARIAS SANGUINETTI WANG & TORRIJOS, LLP

the Settlement Agreement is in its best interest;

f)      The aggregate consideration, including both the Settlement Fund to which Defendant shall contribute and the improvement measures that the Defendant will implement by December 1, 2027, is commensurate with the claims asserted and that will be released as part of the settlement; and

g)      The amount of monetary relief obtained through the Settlement compares favorably to other similar claims and appears to be fair compensation for past nuisance damages, which are not easily susceptible to precise calculation; and

h)      The reaction of the Class, which includes a strong claim rate with minimal opposition, strongly warrants approval of the Settlement on the agreed upon terms.

7.      In light of the relevant considerations, the Court hereby gives final approval to the Settlement as fair, reasonable, and adequate, and orders that payments to Class Members be distributed to all Class Members filed valid claims in accordance with the terms of the Settlement Agreement.

8.      The Court has certified the Class defined in the Settlement Agreement and the Court deems this definition sufficient for purposes of Fed. R. Civ. P. 23(e) for settlement purposes.

9.      Plaintiffs Joseph Vallejo, Victor Espericueta, and Christopher Jones, individually and on behalf of all others similarly situated, and Class Counsel have fairly and adequately represented the interests of the Class in this matter and in its resolution. Accordingly, the Court reaffirms its appointment of the Named Plaintiffs as representatives of the Settlement Class.

**FINAL JUDGMENT AND ORDER**

10.     Further, the Court reaffirms its appointment of Liddle Sheets P.C. and Arias Sanguinetti Wang & Torrijos, LLP as Class Counsel.

11.     This Order is binding upon Plaintiff, the Class, and the Defendant. The Settlement Agreement shall be consummated in accordance with the terms and conditions of that Agreement and the Parties are directed to carry out their obligations under the Settlement Agreement.

12.     Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, a Notice of Class Action Settlement and Claim Form were mailed to all reasonably obtainable residential addresses in the Class Area by first-class U.S. Mail in English and Spanish. Notice was also published in the _____ on _____. The Notice and copies of the Settlement Agreement and Claim Form were also posted by Class Counsel on the website, www.lsccounsel.com/sanbenito. The Notice informed the Class of the terms of the Settlement, of their right to make a claim for their proportional share of the Settlement Fund including the manner and deadline for doing so, of their right to comment on or object to the Settlement, of their right to appear in person or by counsel at the final approval hearing to be heard regarding approval of the Settlement including the manner and deadline for doing so, of their right to exclude themselves from the settlement by opting out of the Settlement Class, and they were informed of the date set for the final approval hearing. Adequate notice and periods of time were provided for each of these procedures.

13.     The notice served on the appropriate Federal and State officials within ten days of the filing the motion for preliminary approval is in full compliance with the provisions set forth in the Class Action Fairness Act, 28 U.S.C. § 1715, as confirmed by the declaration filed by the Defendant.  This order is being entered more than 90 days after issuance of such notices.

14.     The Court finds and determines that this notice procedure afforded adequate

**FINAL JUDGMENT AND ORDER**

protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the response from the Class. The Court finds and determines that the Notice of Class Action Settlement provided for by the Settlement Agreement was the best notice practicable, which satisfied the requirements of applicable law. The Court further finds that the Class Notice is in full compliance with the notice requirements of due process and Fed. R. Civ. P. 23(c)(2).

15.    Pursuant to the terms of the Settlement Agreement, within five (5) business days after the Effective Date, Defendant NJFC shall pay to Liddle Sheets, P.C., in trust, the sum of Nine Hundred and Fifty Thousand Dollars ($850,000), and Third Party Defendant SCWD shall pay to Liddle Sheets, P.C., in trust, the sum of One Hundred Thousand Dollars ($100,000) by wire transfer pursuant to instructions to be given by Class Counsel. Defendant is further ordered to effectuate the Improvement Measures designed to reduce odor emissions in accordance with the Settlement Agreement, to be completed no later than December 1, 2027.

16.    Upon the Effective Date of the Settlement Agreement, Plaintiffs Joseph Vallejo, Victor Espericueta, and Christopher Jones and the Settlement Class (i) are deemed to have released claims within the scope of the Settlement Agreement; and (ii) are permanently enjoined from continuing to prosecute or otherwise initiate claims within the scope of the Settlement Agreement.

17.    In assessing the reasonableness and adequacy of a request for an award of attorneys' fees settlement of a class action, in which the requested attorneys' fees are to be paid from a common fund created, "the well-established 'benchmark for an attorneys' fee award in a successful class action is twenty-five percent of the entire common fund.'" *Oliveira v. Language Line Servs., Inc.*, 767 F. Supp. 3d 984, 1001–02 (N.D. Cal. 2025) (quoting *Williams v. MGM-Pathe Commc'ns Co.*, 129 F.3d 1026, 1027 (9th Cir. 1997)). Starting with

**FINAL JUDGMENT AND ORDER**

ARIAS SANGUINETTI WANG & TORRIJOS, LLP

**ARIAS SANGUINETTI WANG & TORRIJOS, LLP**

the 25 percent benchmark, Ninth Circuit courts "adjust upward or downward depending on:

    a)    the extent to which class counsel achieved exceptional results for the class;

    b)    whether the case was risky for class counsel;

    c)    whether counsel's performance generated benefits beyond the cash settlement fund;

    d)    the market rate for the particular field of law;

    e)    the burdens class counsel experienced while litigating the case (e.g., cost, duration, foregoing other work); and

    f)    whether the case was handled on a contingency basis.

*Id.* (citing *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 954–55 (9th Cir. 2015) (quoting *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048–50 (9th Cir. 2002)). "The Ninth Circuit has recognized that multipliers generally range from 1 to 4." *Id.* (quoting Vizcaino, 290 F.3d at 1051 n.6). Ninth Circuit Courts considering a requested attorneys' fee in a common fund case like this, and whether to apply a multiplier, also utilize a lodestar cross check, with the ultimate consideration being "whether the fee award is 'reasonable in relation to what the plaintiffs recovered.'" *Id.* (quoting *Powers v. Eichen*, 229 F.3d 1249, 1258 (9th Cir. 2000).

18.    Pursuant to the terms of the Settlement Agreement and the authorities, evidence, and argument submitted by Class Counsel, which included detailed lodestar information submitted through a Declaration from Class Counsel, and with due consideration given to each of the factors considered by Courts in the Ninth Circuit for awarding attorneys' fees in common fund cases, the Court hereby grants Plaintiffs' request for attorneys fees and awards Class Counsel attorney fees in the sum of $_____and litigation costs of $_____. The Court finds such amounts to be fair and reasonable in

**FINAL JUDGMENT AND ORDER**

light of all the attendant considerations. The Court orders that Class Counsel is entitled to retain said attorneys' fees and litigation costs from the Settlement Funds as specified in the Settlement Agreement.

19. Pursuant to the Court's Standing Order, the Court withholds 10% of the attorney's fees granted until a post-distribution accounting has been filed pursuant to the Northern District of California's Procedural Guidance for Class Action Settlements.

20. Within 21 days after the settlement checks become stale, Class Counsel shall file a Post-Distribution Accounting with the Court and include on the settlement website the following information, to the extent applicable to the instant Settlement:

a) The total settlement fund, the total number of class members, the total number of class members to whom notice was sent and not returned as undeliverable, the number and percentage of claim forms submitted, the number and percentage of opt-outs, the number and percentage of objections, the average, median, maximum, and minimum recovery per claimant, the method(s) of notice and the method(s) of payment to class members, the percentage of success for each method of notice and payment (if known), the number and value of checks not cashed, the amounts distributed to each cy pres recipient, the administrative costs, the attorneys' fees and costs, the attorneys' fees in terms of percentage of the settlement fund, plaintiffs' counsel's updated lodestar total, and the lodestar multiplier.

b) Where injunctive and/or other non-monetary relief has been obtained, discuss the benefit conferred on the class. Class Counsel should provide this information using the Court's Post-Distribution Accounting Form and file it as ECF event "Post-Distribution Accounting" under Civil Events > Other Filings > Other Documents.

21. All of the claims asserted in this lawsuit by Plaintiffs Joseph Vallejo, Victor Espericueta, and Christopher Jones, individually and on behalf of the Class, are dismissed with prejudice, each party to bear its own costs except as otherwise provided by the Settlement Agreement and/or the Court's Order granting attorneys' fees, costs, Class Representative service payments, and Settlement Administration expenses.

22. Nothing in this Order shall preclude any action to enforce the Parties' obligations pursuant to the Settlement Agreement or pursuant to this Order, including the requirement that

**FINAL JUDGMENT AND ORDER**

payments be made to Class Members who timely file a valid Claim Form in accordance with the Settlement Agreement, or Defendant's obligation to perform the Improvement Measures required under Section 7 of the Settlement.

23.    The Court hereby enters final judgment in this case in accordance with the terms of the Settlement Agreement, the Order Granting Preliminary Approval of Class Action Settlement filed on _____, and this Order.

24.    This Court retains jurisdiction over all matters relating to the modification, interpretation, administration, implementation, effectuation, and enforcement of the Settlement Agreement and this Order. The Court retains further jurisdiction to enforce this Final Judgment.  The reservation of jurisdiction by this Court in this matter does not affect in any way the finality of this Final Judgment and Order.  If this Final Judgment is reversed on appeal, the Settlement Agreement, the preliminary approval proceedings related to it, and the final approval hearings related to it are all without prejudice to the rights of the Parties to the litigation.

Dated: _____    IT IS SO ORDERED


_____
Honorable Noël Wise, U.S. District Judge

**FINAL JUDGMENT AND ORDER**