Mike M. Arias, Esq. (SBN 115385)
Arnold C. Wang, Esq. (SBN 204431)
Michael Anthony Jenkins, Esq. (SBN 171958)
**ARIAS SANGUINETTI WANG & TEAM, LLP**
6701 Center Drive West, 14th Floor
Los Angeles, California 90045
Telephone: (310) 844-9696
Facsimile: (310) 861-0168

Steven D. Liddle, Esq.*
Matthew Z. Robb, Esq.*
Laura L. Sheets, Esq.*
**LIDDLE SHEETS P.C.**
*Appearing *Pro Hac Vice*
975 E. Jefferson Avenue
Detroit, Michigan 48207
Telephone: (313) 392-0015
Facsimile: (313) 392-0025

*Attorneys for Plaintiff and the Putative Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEPH VALLEJO, VICTOR ESPERICUETA and CHRISTOPHER JONES on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE NEIL JONES FOODS COMPANY, dba SAN BENITO FOODS,<br><br>Defendant. | Case No. 5:24-cv-06835-NW<br><br>Hon. Noël Wise<br><br>**~~[PROPOSED]~~ ORDER AS MODIFIED GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

On October 14, 2026, the Court heard Plaintiffs' Motion for Preliminary Approval of Class Action Settlement. Plaintiffs sought an Order (1) Granting Preliminary Approval of the Proposed Class Action Settlement and conditional certification of the Settlement Class; (2) approving the forms and manner of Notices; (3) appointing the Class Representatives and Class Counsel; (4) establishing a Schedule for the Provision of Notice of the Settlement to the Members of the Settlement Class; and (5) setting the final approval hearing.



ARIAS SANGUINETTI WANG & TORRIJOS, LLP

The Court, having read and considered the Motion, the Settlement Agreement, and all other accompanying documents, and with good cause appearing, **HEREBY ORDERS AS FOLLOWS**:

1. This Order incorporates by reference the definitions in the Settlement Agreement (a copy of which is attached the Plaintiff's Unopposed Motion for Preliminary Approval), and all capitalized terms used in this Order will have the same meanings as set forth in the Settlement Agreement, unless otherwise defined in this Order.[1]

2. Subject to further consideration at the Final Approval Hearing, the Court preliminarily approves the Settlement as fair, reasonable, and adequate to the members of the Settlement Class, and as meriting submission to the members of the Settlement Class for their consideration.

3. For the purposes of Settlement only, the Court certifies a Class defined as:

> **All owner-occupants and renters of residential property located in any part within the Class Area during the time period of September 27, 2021, through the Preliminary Approval Date (the "Class Period").**

The Class Area is depicted in Exhibit A to the Settlement Agreement.

4. The Court finds that the form, manner, and content of the Notice of Class Action Settlement ("Notice") meets the requirements of due process and Fed. R. Civ. P. 23(e)(1) and provides a means of notice reasonably calculated to apprise the Class Members of the pendency of the action and the proposed Settlement. The Court approves the form and

---

[1] The Settlement Agreement's definition of "Opt-Out Period" is 30 days after mailing of the Class Notice, which is inconsistent with the provision in Section 6.b. that "[a]ll opt-outs and objections must be in writing and postmarked no more than forty-two (42) days after the date that notice is mailed[.]" *Compare* ECF No. 74-1 at 9 *with id.* at 18–19. Counsel for Plaintiffs confirmed at the hearing, and Defendant did not object, that 42 days is the intended opt-out period. Accordingly, the Court defines the Opt-Out Period as "the period ending forty-two (42) days after mailing of the Class Notice, in which Class Members may exercise their right to opt out of the Class and this Settlement Agreement."

ARIAS SANGUINETTI WANG & TORRIJOS, LLP

content of the Notice. The costs and expenses associated with providing notice to the Settlement Class shall be paid in accordance with the Settlement Agreement.

5. The Court appoints Joseph Vallejo, Victor Espericueta, and Christopher Jones as Class Representatives of the Settlement Class.

6. The Court appoints Liddle Sheets P.C. and Arias Sanguinetti Wang & Torrijos, LLP as Class Counsel.

7. The Court directs the Notice to the Class in accordance with the schedule set forth below. The Court preliminarily finds that the dates and form selected for the Notice meet the requirements of due process~~, provide the best notice practicable under the circumstances,~~ and constitute due and sufficient notice to all persons entitled to notice. However, as discussed at the preliminary approval hearing, the Court has concerns as to the limited nature of the planned distribution of the Notice. Given the small Class Area identified by the parties, it appears that additional distribution, *e.g.*, by publication in community parks, schools, or other areas, would be both practical, economical and beneficial. By contrast, publication in a newspaper of general circulation may not be sufficiently effective. Accordingly, in addition to dissemination via First Class U.S. Mail as identified below, the parties are encouraged to disseminate the Notice by other methods. If, at the Final Approval Hearing, the ultimate claims rate appears so low as to suggest that Notice was not the best practicable under the circumstances, the Court will inquire as to the efforts made by the parties and may require a second Notice period and additional dissemination at Class Counsel's expense.

8. The following dates shall govern for the purposes of this Settlement. All days shall be calendar days. In the event any deadline falls on a weekend or holiday, the deadline shall be the next following court day:

| DATE | EVENT |
|---|---|
| Within 28 days of this Order,<br><br>**Thursday, November 12, 2026** | Class Counsel shall disseminate the Class Notice via First Class U.S. Mail, and by other methods as the parties believe to be the best practicable under the circumstances. ~~cause the publication notice to be issued in a newspaper of general circulation, as provided in the Settlement Agreement.~~ |
| 35 days after entry of this Order<br><br>**Wednesday, November 18, 2026** | Class Counsel shall file the Application for Attorney's Fees, Reimbursement of Litigation Costs, and Incentive Award for the Class Representatives ("Fee Application"). |
| 42 days from the date the Notice is first mailed | Last day for Class Members to:<br>(1) Serve Objections to the settlement and/or the Fee Application; and<br>(2) Serve Opt-Out Requests as specified in the Notice. |
| 60 days from the date the Notice is first mailed | Last Day for Class Members to submit claims for compensation from the Settlement Fund. |
| Within 14 days after the opt-out/objection deadline | Class Counsel shall provide Counsel for Defendant with:<br>1) Declaration attesting to completion of the notice process set forth in the Settlement Agreement;<br>2) Copies of all objections; and<br>3) Copies of Opt-Out Requests received. |
| 14 days before the Fairness and Final Approval Hearing<br><br>**Tuesday, January 26, 2027** | All papers and declarations in support of the Final Approval of Settlement shall be filed with the Court. Class Counsel and/or Counsel for Defendant shall file with the Court any responses to written Objections. |

9. Within fourteen (14) days after the opt-out and objection deadline but in no event later than fourteen (14) days before the Settlement Fairness Hearing, Class Counsel shall circulate copies of such opt-outs and/or objections to counsel for Defendant.

10. All memoranda, affidavits, declarations, and other evidence in support of the

request for approval of the Settlement Agreement and Class Counsel's request for approval of attorneys' fees and costs and the named Plaintiffs' awards shall be filed no later than fourteen days prior to the Final Approval and Fairness Hearing.

11. The Final Approval and Fairness Hearing is set for **February 9, 2026** at **9:30 a.m.** in Courtroom 3 of the Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st St., San Jose, California 95113. After Final Approval, all Class Members other than those who have validly opted out are entitled to receive the benefits of the Settlement and will likewise be bound by the releases contained in the Settlement Agreement and by the judgments and orders filed or entered in this action.

12. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the members of the Settlement Class. The Final Approval and Fairness Hearing may, without further notice to the members of the Settlement Class, be continued by order of the Court. For updates regarding the status of the Final Approval and Fairness Hearing, and for precise terms of the Settlement Agreement, Class Members are advised to review the Settlement Website, hosted at: www.lsccounsel.com/sanbenito or to contact Class Counsel. Additional information about the case may be publicly accessed in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, San Jose Division, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

13. This action is stayed pending final determination of whether the Settlement should be approved, except those proceedings necessary to carry out or enforce the terms of the Settlement Agreement.

14. If, for any reason, the Settlement Agreement is not finally approved or does not

ARIAS SANGUINETTI WANG & TORRIJOS, LLP

become effective, this provisional approval Order, including but not limited to the conditional Settlement Class certification, shall be null and void and automatically deemed vacated. In such event, the parties and the putative Class Members shall be returned to the same litigation position that they were in prior to seeking preliminary approval of the Settlement Agreement, and they shall be free to raise all claims, defenses, and arguments as they would have been able to had they never negotiated or sought approval of the Settlement, including opposing class certification on any and all grounds (including but not limited to Rule 23(a) and (b)(3)(A)-(C). The parties must also promptly schedule a status conference to establish a new scheduling order for the continuation of the Litigation.

Dated: October 15, 2026

**IT IS SO ORDERED**

Honorable Noël Wise
United States District Judge